E. J. HAINER, PLAINTIFF IN ERROR, v. ISAAC T. LEE, DEFENDANT IN ERROR.

Replevin: DAMAGE. In an action of replevin, where the property claimed had not been taken and the action having proceeded as one for damages only, the jury found the right of property and right of possession of said property, when the action was commenced, in the plaintiff, etc. *Held*, That the measure of damages was the value of the property as proved, together with lawful interest thereon from the date of the unlawful taking thereof by the defendant to the first day of the term of court at which the trial was had.

ERROR to the district court for Hamilton county. Tried below before POST, J.

*Austin J. Rittenhouse*, for plaintiff in error.

*J. S. Miller* and *J. H. Smith*, for defendant in error.

COBB, J.

The defendant in error sued the plaintiff in error before a justice of the peace to recover a stove. The return of the officer on the writ of replevin showed that the property could not be found, and the case accordingly proceeded as one for damages only. Upon the trial the justice made no special finding, but rendered judgment for the plaintiff for $35.00, the value of said property, and ten dollars damages for the wrongful detention of the same, and costs. On appeal to the district court the verdict and judgment were for the plaintiff in the sum of $35.00. The defendant brings the cause to this court on error. The errors assigned are numerous, and will be stated and disposed of in their order.

1. That the court erred in overruling the motion filed by plaintiff in error to dismiss the appeal, on the ground that there was no judgment in the justice's court from which an appeal would lie.

By referring to the record we find that this was a motion to dismiss the cause, and not to dismiss the appeal. It is once recited in the journal entry as a motion to dismiss the appeal, but the motion itself as given in the record, as well as the recital in the motion for a new trial, show it to be a motion to dismiss the cause. Such being the case, whatever might have been the right of the plaintiff in error to dismiss his appeal—and as to that we express no opinion—the motion was correctly overruled.

2.   The court erred in refusing to give the first instruction asked for by the plaintiff in error, which instruction is in words as follows :   "If you find from the evidence that the defendant at the commencement of this action was not in the possession of, and had no control over, the stove, you will find for the defendant."

There is a conflict of authority on the point whether this action can be maintained where the defendant, once having the possession of the chattel, has parted with such possession and all control over it, before the suit is brought.   While the weight of authority probably is to the contrary, yet, in order to defeat a recovery on that ground, the parting with possession must be real and *bona fide*, and not simulated or constructive.

In the case at bar the testimony of plaintiff in error, on his own behalf, on cross examination, was as follows :

Q.   You purchased the stove, did you at the sale?
A.   I had it purchased for me.
Q.   It was for you the stove was bought?
A.   Yes, sir.
Q.   And it was delivered to you here?
A.   Yes, sir.
Q.   And you took it out to your farm?
A.   Yes, sir.
Q.   Your sister was living there, was she?
A.   Not at the time I took it out.
Q.   You left it there with your sister?

A. I told you about that. I had my arrangements with my mother and the family fixed to come out from Iowa. I owned the farm and was to fix it up for them. And part of the folks came out, I think in March, my brother and sister and her child, and shortly after they came I moved out a portion of the furniture, and among other things that stove, and turned it over to them. Mother came shortly after that, and I then took out the balance of the furniture.

Q. What time in March was this conversation that you had in my office? (meaning the office of the attorney for the plaintiff.)

A. I don't know. I should say early in March, I think three or four days after the stove had been moved out to the farm. It might possibly have been in February.

Q. Was the stove moved out to the farm before Lee made the demand of you for it?

A. Yes, sir.

Q. At the time he made the demand for the stove in the bank you had no possession or control over it, did you?

A. No, sir.

Q. Then why did you refuse Mr. Lee in the way you did? You say you had no control over the stove at that time. Did you not swear that his demand was refused?

A. Yes, sir, it was.

Q. Is it not a fact that during the conversation in my office at the same time you said you proposed to stand by the stove and defend it?

A. I don't think I did. I don't think that came up at all, but of course I should have done so if it was attempted to take away the stove. * * I don't think the word ownership or possession was mentioned, but that I had nothing to do with the stove; it was on the farm and sister was sick and I did not want any one to go and re-

move the stove under the circumstances, and for that reason I was willing to try the case in any court in the county, and give a bond to any amount to the plaintiff he might name.

" The purpose of instruction," says Proffatt (Trial by Jury, Sec. 311) " is to give to the jury a statement of the law applicable to the particular case, to declare what presumptions of law are applicable to the facts, and to declare the legal effect of certain evidence." An examination of the whole testimony in the case, particularly that of the plaintiff in error above set out, satisfies us that the law of the instruction prayed is not applicable to the particular case then before the court and jury, and that the same was properly refused.

4. The court erred in refusing to give the fourth instruction asked for by the plaintiff in error, which was as follows: " In case you find for the plaintiff, the measure of damages shall be the value of the stove and fixtures in question, with the addition of lawful interest on such value, from the date of the taking to the first day of the term of court." This instruction was correct, but to justify a reversal, for a refusal to give an instruction, such instruction should be correct in every particular.

5. The court erred in giving the second instruction asked for by the defendant in error, which instruction is as follows: "And if you further find from the evidence that the defendant unlawfully detained the property in controversy, then you will find for the plaintiff the value of the property and affix the damages for the wrongful detention of the same."

Section 193, Comp. Stat., page 554, provides that: "Where the property claimed has not been taken, or has been returned to the defendant by the sheriff for want of the undertaking required by section one hundred and eighty-six, the action may proceed as one for damages

only, and the plaintiff shall be entitled to such damages as are right and proper," etc.

The only significance which can be ascribed to the latter clause of the above section as quoted, is to make the former provision apply to all cases, whether the plaintiff claims general ownership of the property or only a special interest in or lien upon it. It could not have been the intention of the legislature to leave the question of the measure of damages in that, or any class of cases, to the sense of justice and propriety of the jury. The law fixed the measure of damages applicable to this case as hereinbefore stated, and so much of the said instruction, as tells the jury " to affix the damages for the wrongful detention of the property ". to its value, is erroneous, and probably misled the jury to render their verdict for excessive damages.

6.   The court erred in giving the first instruction given by the court on its own motion, which instruction was in words as follows :  " In this action the property has not been taken from the defendant. The law provides that when the property claimed has not been taken from the defendant the action shall proceed as one for damages only and the plaintiff shall be entitled, if at all, to such damages as shall be just and proper."

The instruction is merely a statement of the substance of a section of the statute, and cannot be said to be erroneous.

7.   The court erred in giving the third instruction given by said court on its own motion, which instruction was as follows :  " If Lee purchased the stove in good faith, paying at the time the purchase price without knowledge of any intent on the part of Sheridan to defraud his creditors, Lee would acquire a good title to the property."

This instruction is not at all inconsistent with the section of the statute cited by plaintiff in error, section 11, chapter 32, Comp. Stat. 237.  "Every sale made by a

vendor of goods and chattels in his possession or in his control, and every assignment of goods and chattels, by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the thing sold, mortgaged, or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith; and shall be conclusive evidence of fraud, unless it shall be made to appear on the part of the person claiming under such sale or assignment that the same was made in good faith and without any intent to defraud such creditors or purchasers."

It would have been quite proper for the court to have given this section in charge to the jury in connection with the charge given, and we must presume that he would have done so had it been embraced in the prayer of the plaintiff in error. But, it not having been asked, it was not error in the court to fail to give it.

8. There is error in the record and judgment in said cause, in this: That the damages awarded in said cause were excessive, appearing to have been given under the influence of passion or prejudice.

The damages are clearly excessive, although the defendant himself testified at the trial that the stove was worth $35.00. He also stated that his damages were $10.00, "counting everything a good deal over that." This testimony was let in over the defendant's objection, and as we have seen, in discussing another branch of the case, ought to have been excluded. The price paid for the stove by the plaintiff was $25.00, and it is quite evident that the jury took that as the true value of the stove, and by adding to that sum the ten dollars damages sworn to by plaintiff, they arrived at the amount of their verdict, $35.00, and this was consistent on the part of the

jury under the erroneous instructions heretofore considered.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.