ALBERT ROMBERG, PLAINTIFF IN ERROR, V. M. J. HUGHES, DEFENDANT IN ERROR.

1. **Verdict.** Where the evidence on the part of the plaintiff and defendant in an action is nearly equally balanced, the verdict will not be set aside as being against the weight of evidence.

2. **Attorney and Client.** To make a communication from a party to an attorney privileged, the relation of attorney and client must exist between them.

3. **Replevin: DAMAGES.** In replevin, damages for the detention of the property are recoverable only in case of a return. If the property is not returned the measure of damages is the value of the property as proved, together with lawful interest thereon from the date of the unlawful taking. *Hainer v. Lee,* 12 Neb., 452.

ERROR to the district court for Cuming county. Tried below before POST, J., sitting for CRAWFORD, J.

*M. McLaughlin* and *N. H. Bell,* for plaintiff in error.

*Charles J. Green,* for defendant in error.

MAXWELL, J.

In August, 1882, Ludwig and Franze Herse rented the farm of the plaintiff for four years, commencing on the 1st day of November, 1882. The terms were that the plaintiff should "furnish one-half of all seed and one-half of all

machines," and be liable for one-half of the personal property tax and to receive one-half of all the grain raised on the farm, one-half of the increase of live stock, etc. The testimony shows that the plaintiff had two brothers in the neighborhood where he resided, and some or all of them had employed the Herses, for some time prior to the execution of the lease, to work on their respective farms. The Herses were in straitened circumstances, and this fact was well known to the plaintiff. In November, 1882, the plaintiff sold a large quantity of personal property at auction, the terms of sale being cash for all sums of $5 or under, and on sums in excess of $5, promissory notes with an approved surety was to be given, said notes to be due in one year with interest at 8 per cent. At this sale the Herses were the highest bidders for two horses, the harness for the same, and a lumber wagon and other property, in all amounting to from $800 to $1,000. The Herses were unable or at least did not obtain a satisfactory surety to sign their note and consequently no note was given; but the Herses claim that the plaintiff at the time of the sale well knew that they could not give security, and that he waived it, as they were on his farm, and the horses, wagon, and harness in controversy were necessary to enable them to carry on the farm. The sale is denied by the plaintiff, who claims that after the failure of the Herses to give properly secured notes that he leased the chattels in question to them. In April, 1883, the Herses abandoned the farm of the plaintiff and sold the horses, harness, and wagon to the defendant for the sum of $280 cash. The plaintiff thereupon brought an action of replevin and obtained possession of the property. On the trial of the cause the jury returned a verdict in favor of the defendant, upon which judgment was rendered. There are three questions presented by the record which will be considered in their order:

*First*, Did the plaintiff sell the property to the Herses

either by an absolute sale or conditionally?   Upon this point the testimony is conflicting.   The plaintiff and some of his witnesses testify that there was no sale, while an equal number testify on behalf of the defendant that the Herses purchased the property and were holding it as owners.   The attorney for the defendant contends that if there is any evidence to sustain the verdict it will not be set aside.   The rule adopted by this court, however, is that where a verdict is clearly wrong it will be set aside and a new trial granted.   *Mathewson v. Burr*, 6 Neb., 319.  *Fisk v. State*, 9 Id., 66.   *Smith v. Evans*, 13 Id., 316.   *Victor S. M. Co. v. Day*, 13 Id., 408.   *Gandy v. Pool*, 14 Id., 101.   *Staman v. State*, 14 Id., 68.   *Kuhns v. Bankes*, 15 Id., 92.   *Shapleigh v. Dutcher*, 15 Id., 563.   It is unnecessary, however, to invoke the rule in this case, as the testimony is nearly equally divided and is not very satisfactory on either side.   That some arrangement was made by the plaintiff whereby the Herses were to retain possession of the property in question was clearly established, and in our view the jury would have been justified in finding a conditional sale—a sale with a condition that the title should remain in the plaintiff until the property was paid for.   But under the statute, where such a sale is not evidenced by writing signed by the vendee, and a copy thereof filed in the office of the county clerk of the proper county, it is not valid against a purchaser from the vendee in actual possession. Comp. Stat., Chap. 32, § 26.   If there was a conditional sale this was not done, and the defendant having so far as the evidence shows purchased without notice, is entitled to protection.   The evidence covers 288 pages, and it would subserve no good purpose to review it at length.   It is so nearly equally balanced that this court cannot say that the verdict is wrong.

*Second*, That the court erred in permitting one T. M. Franse, an attorney, to testify to communications made by the plaintiff to him.   There is no claim that at the time

this conversation took place the relation of attorney and client existed between the plaintiff and Franse. The parties seem to have been on friendly terms, and it is evident that the communications were made not as clients, but as voluntary statements outside of the relation of attorney and client. Sec. 328 of the code prohibits an attorney from testifying where there is no waiver by the party in whose favor the prohibition is enacted, "concerning any communication made by him to his client in that relation, or his advice thereon," etc., or "any confidential communication properly intrusted to him in a professional capacity," etc. Code, § 333. To render the communication privileged the relation of attorney and client must exist, otherwise the communication is not privileged. As all the proof shows that the relation of attorney and client did not exist when the communications were made, they are not privileged, and the court did not err in admitting them in evidence.

*Third,* The jury found the value of the property to be the sum of $285, and assessed the damages for the detention of the property at $1 per day, in all $584.

Whereupon the court rendered judgment as follows: "It is therefore hereby adjudged and determined by this court, that the defendant have a return of the property taken on said writ of replevin, or, in case a return of said property cannot be had, that he recover of said plaintiff the value thereof, assessed at $285, and his damages for withholding the same, assessed at $584, and cost of suit, taxed at $431.83," etc.

It is only in cases where a return of the property is had that the party to whom the property is returned is entitled to damages for the detention. The rule allowing the value of the use is peculiar to replevin, and grows out of the fact that the party to whom the property is awarded seeks to recover the property itself, and not its value. In such case, when the property is returned, the party to whom the return is made is entitled

to the damages awarded for the detention. If, however, a verdict is rendered for the value of the property, the action in that regard being one for damages only, the measure of damages is the value of the property as proved, together with lawful interest thereon from the date of the unlawful taking. *Hainer v. Lee,* 12 Neb., 452. *Deck v. Smith,* Id., 389. The judgment in this case is clearly erroneous. For property of the value of $285 the defendant is awarded a judgment for $869 in case no return is had, and $584 for the detention of property, if it is returned. Such a judgment ought not to be sustained, and the damages for the detention are excessive. These are simply for the use of the property. There is no claim that the property deteriorated in value during the time the plaintiff had possession of the same. It is not very probable that property of the value of $285 produced during the time it has been in the plaintiff's hands profits of the net value of more than twice that sum. Such a verdict and judgment are greatly in excess of the actual damages sustained. The amount of recovery for the detention of property should ordinarily, where there is no deterioration, bear a reasonable proportion to the value of the same, otherwise the judgment cannot be sustained. The judgment of the district court is reversed, and the defendant has leave within twenty days to remit from the amount claimed for the *detention* of the property, all but the sum of $200; and in case such remittance is entered as above provided, judgment will be entered in this court as follows: In favor of the defendant for a return of the property, and $200 for the detention of the same; or, in case a return cannot be had, that he recover of the plaintiff the sum of $285, with interest at seven per cent from the ...... day of April, 1883.

JUDGMENT ACCORDINGLY.

THE other judges concur.