EDWARD PHILLEO V. McDONALD & McMURRY.

[FILED JUNE 27, 1889.]

**Replevin: BOND: JUDGMENT.** Where, in an action in replevin, there is a failure to give a replevin undertaking, and the action proceeds under section 193 of the Civil Code, it becomes in substance an action in *trover* for the value of the property involved in the suit; and when in favor of the plaintiff the judgment should be for the amount of damages found due the plaintiff by the verdict of the jury, and not for the return of the property to him.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*J. B. Cessna,* for plaintiff in error.

*Dilworth, Smith & Dilworth,* for defendant in error.

REESE, CH. J.

This was an action of replevin instituted by defendant, in error against plaintiff in error for the possession of a stock of hardware and for damages in the sum of twenty-five dollars ($25.00).

The case was commenced in the county court, and appealed to the district court. The return of the constable to the summons was as follows:

"Received this writ, and on the same day I took the goods and chattels within described and have caused them to be valued by the oath of A. Bigelow and M. N. Cress, two responsible persons, whose valuation in writing and signed by them is herewith returned; and the plaintiff having failed to give the undertaking required by law, within twenty-four hours from the taking of the property, I redelivered said property to the said defendants. I also

delivered to Edward Philleo a true and certified copy of this order."

A jury trial was had in the district court, which resulted in a verdict in favor of the plaintiff in the action, assessing his damages at three hundred and fifty-one dollars and ninety cents.

After the return of the verdict plaintiff in error moved the court for an alternative judgment, providing that in case the defendants in the action fail for twenty days to return the property, the plaintiff then have judgment for the amount of the verdict.  This motion was overruled.  A motion for a new trial was then made and overruled, but it need not be here noticed in detail.  Plaintiff in error, who was defendant below, presents the case to this court by proceedings in error.  There is but one controlling question involved in the case, and that is whether or not where a replevin suit is instituted, but no replevin undertaking is given, an alternative judgment can be rendered, or whether the action should be for money only.  Section 193 of the Civil Code is as follows: "When the property claimed has not been taken, or has been returned to the defendant by the sheriff for want of the undertaking required by section one hundred and eighty-six, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper; but if the property be returned for want of the undertaking required by section one hundred and eighty-six, the plaintiff shall pay all costs made by taking the same."

It is contended by counsel for plaintiff in error that in replevin cases, if the property is delivered to the plaintiff in the action, and final judgment is subsequently rendered against him, then there must be judgment for the return of the property, and if return cannot be had, then the payment of the value thereof, with damages for detention; that the same rule must be applied to cases which are

prosecuted under section 193 above quoted; that the object of an action in replevin is to recover specific personal property, and the liability for the value of the property accrues only when a return of the property cannot be had; citing *Lee v. Hastings,* 13 Neb., 508; *Frey v. Drahos,* 10 Id., 594; *Reavis v. Horner,* 11 Id., 479.

It is not believed that these cases are in point, for the reason that replevin undertakings were given, and they do not fall under section 193. We cannot agree with the learned counsel for plaintiff in error in the construction to be given to the section above referred to. In *Meredith v. Kennard,* 1 Neb., 312, which was an action in replevin, but in which no undertaking was given and the property not taken, the verdict was as follows: "We, the jury in the above entitled cause, find for the defendant."

Chief Justice MASON in writing the opinion of the court copies the section above referred to, and says:

"Cases may occur when a general verdict alone will be a substantial response to the issues taken by special matters set up in the answer when all the facts set up in the answer are negatived by the general verdict. Is not this the precise case at bar? The defendants deny the property of Meredith in the notes and plead property in themselves. This general verdict responds to and finds all the issues made between the parties in favor of the defendant, and is such a finding as the statute contemplates when the property has not been taken on the writ of replevin. We think the verdict in form sufficient and responsive to the issues."

This ruling we think has been substantially followed in *Hainer v. Lee,* 12 Neb., 452, and in *Romberg v. Hughes,* 18 Id., 579. See also *Smith v. McGregor,* 10 Ohio State, 461; *Brewster v. Carmichael,* 39 Wis., 456; *Bigelow v. Doolittle,* 36 Id., 115.

By the plain language of the statute, and by the construction given thereto by the cases above cited, we are

convinced that where there is a failure to give a replevin undertaking, and the action proceeds under section 193 of the Civil Code, it becomes in substance an action *in trover*, and is only for the value of the goods detained by the defendant in the action.

The judgment of the district court must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.