## HUNT v. THOMPSON.

### (No. 671.)

Replevin—Damages—Damages for Detention—Interest—Value of the Use of the Property—Recovery by Defendant.

1. In replevin, when the property taken upon the writ is delivered to the plaintiff under the provisions of Sections 5010 and 5011, Compiled Statutes, the plaintiff's undertaking stands in the place of the **property to the extent of** the defendant's interest, and the property passes into the exclusive possession and control of the plaintiff, or, in other words, the delivery of the property to the plaintiff passes the title to him as against the defendant, who must look for his protection to a recovery in damages, if the writ is wrongfully sued out.

2. The right of a defendant in replevin to damages, and the extent or measure thereof, depends upon the particular statute authorizing such a recovery.

3. Under the statute allowing the defendant in an action of replevin, where the property has been delivered to the plaintiff, to recover such damages as are right and proper, he is entitled to recover such damages as are right and proper under the circumstances, and the statute contemplates that the defendant shall have adequate compensation for the injury sustained by the wrongful act of the plaintiff in suing out the writ.

4. The universal and paramount principle underlying all rules on the subject of compensatory damages is that the person

injured shall receive a compensation commensurate with his loss and no more.

5. The statute providing that the defendant in an action of replevin shall recover such damages as are right and proper, authorizes a recovery by a successful defendant, where the property has been delivered to the plaintiff, of damages for the wrongful detention, if the circumstances are such that he would not otherwise be fully compensated.

6. When interest upon value is allowed a defendant in replevin it is because it affords adequate compensation for the detention, and the value of the property with interest constitutes the proper measure of damages to be assessed. It is not allowed as interest upon a debt, or upon the theory that the relation of debtor and creditor exists between the parties.

7. In replevin, interest upon the value of the property during the time the successful party was deprived of it is ordinarily the proper measure of damages for the detention, but where the property is valuable for its use, the value of the use may be recovered instead of interest.

8. A defendant in replevin is not confined to a recovery of interest in addition to the value of the property, where he succeeds in the action and shows that the value of the use of the property of which he was deprived by the taking upon the writ exceeds the interest, but in such case he may recover the value of the use instead of interest.

[Decided January 12, 1912.]        (120 Pac. 181.)
[Rehearing denied April 1, 1912.]        (122 Pac. 624.)

ERROR to the District Court, Albany County; HON. CHARLES E. CARPENTER, Judge.

The action was replevin brought by George H. Hunt against L. Thompson. The material facts are stated in the opinion.

*M. C. Brown,* for plaintiff in error.

No return of the property taken upon a writ of replevin can be adjudged to the defendant under our statute, but the defendant is entitled only to recover damages if the finding is in his favor. (Comp. Stat., Secs. 5010, 5011.) The statute expressly provides that the plaintiff may recover damages for the illegal detention of the property. (*Id.* Sec.

5016.) But the defendant is not allowed by express pro-
vision of the statute to recover for illegal detention, it
merely being provided that such damages shall be assessed
in his favor as are "right and proper." (*Id.* Sec. 5017.)
The legislature, therefore, has determined that damages
for detention can only be assessed when the plaintiff re-
covers. There is a clear reason for this. When the prop-
erty is taken upon the writ and delivered to the plaintiff
upon his executing the statutory undertaking it then be-
comes the property of the plaintiff and it cannot be ordered
returned to the defendant. The plaintiff then acquires
title if he did not have it before, and the defendant's only
right is a judgment for value if he recovers. There is no
reason for allowing him damages for detention. The de-
fendant's damages all accrue when the property is taken
and delivered to the plaintiff at the beginning of the suit.
The plaintiff is then indebted to the defendant for the
value of the property if it was wrongfully taken. Being
a debt, the defendant is entitled to interest thereon up to
the time of judgment. But he is not entitled to recover
the value of the use of the property, as for its detention,
during the period between the commencement of the suit
and the judgment. (34 Cyc. 1560-1564; Just v. Porter,
64 Mich. 565, 31 N. W. 444; Houselman v. Kegal, 64
Mich. 540, 27 N. W. 678; Bigelow v. Doolittle, 36 Wis.
115; Justice v. Johnson, 17 Ohio, 154; McGrath v. Cham-
berlain, 20 Ill. 219; 3 Suth. on Damages, pp. 559, 560;
Marshall v. Livingston, 77 Ga. 21; Thomas v. Price, 88
Ga. 553; Smith v. Adams, 79 Ga. 802; Gordon v. Little,
(Neb.) 59 N. W. 783; Romberg v. Hughes, 18 Neb. 579,
26 N. W. 357; Hooker v. Hamilton, 7 Neb. 231; Moon
v. Kepun, *Id.* 291; Hurd v. Gallagher, 14 Ia. 394; Pike v.
Hutchins, 1 Mass. 421.)

*H. V. S. Groesbeck,* for defendant in error.

An assignment of error that the judgment is contrary to
law is too vague and indefinite to present any question for
consideration. It is necessary that the motion for new

trial show wherein the verdict of the jury or the judgment of the court is contrary to law. (Miller v. State, 3 Wyo. 657; Syndicate Imp. Co. v. Bradley, 7 Wyo. 228; R. R. Co. v. Morris, 16 Wyo. 308; Freeburg v. Lamoureux, 12 Wyo. 41; Elliott's App. Proc., Secs. 306, 308, 309.) It is alleged in the petition in error that the verdict contains all items of damages that are unlawful, and that the judgment contains the same unlawful items of damages. But this is not a sufficient assignment, as it is not pointed out wherein the items of damages are unlawful. Hence, neither the motion for new trial nor the petition in error contains sufficient assignments of error to present the question discussed in the brief of plaintiff in error. If the motion for new trial was incomplete, the omission cannot be supplied by assignments of error in the petition in error.

The point is not well taken that damages for detention could not be awarded to the defendant. In the first place, to be available at all, the motion for new trial should have alleged as a ground that the damages were excessive, or that there was error in the assessment of the amount of recovery. No such ground for new trial was stated in the motion. We think the question is settled in this court that a defendant may recover damages for detention. (Bank v. Ludvigsen, 8 Wyo. 230.) While the statute permits the jury to assess to the defendant in replevin such damages as they think "right and proper," the same rule should be applied as in the finding for the defendant under Section 5016, for the illegal detention of the property. Every intendment is in favor of the verdict and judgment. When the defendant is enttled to a return and damages for detention the ordinary measure of damages for detention is interest on the value to the date of judgment. But if the property is valuable for its use, the value of the use may be recovered instead of interest. (3 Suth. on Damages, Sec. 1157; Loan Co. v. Myers, 143 Mass. 446; Allen v. Fox, 51 N. Y. 562.) Interest on value will not be adequate compensation where the use of the property detained is

valuable.  (3 Suth. on Damages, Sec. 1144; 34 Cyc. 1563, 1564.)  The defendant had been deprived of the use of his team, which he had used in his business, and the verdict shows that he was entitled to the right of property and right of possession at the time the suit was commenced, and he was, of course, entitled to the use thereof, the value of which largely exceeded the interest.  He was entitled to the usable value during the time of the illegal and wrongful detention.  Where the defendant has a right to elect whether he will take a return of the property or the value, he is then entitled to take only interest, but that is not the case under our statute.  The defendant is entitled to be placed in the same siuation as the plaintiff, when he is successful, and should have the right to recover the value of the use of the property which has been wrongfully taken from him.  (Cook v. Hamilton, 67 Ia. 394;  Clark v. Keith, 9 Ohio, 72;  Romberg v. Hughes, 18 Neb. 579;  Campbell v. Bank, (Ida.) 88 Pac. 639;  McGrath v. Wilder, 77 Vt. 431, 60 Atl. 801;  Smith v. Duke, 6 Ga. App. 75, 64 S. E. 292.)

*M. C. Brown,* for plaintiff in error, (on petition for rehearing).

The plaintiff's only wrong is in suing out the writ.  That occurred at the commencement of the action, and that is the time to which the defendant's damages relate, and thereafter there can be no illegal detention.  Damages cannot be recovered against the plaintiff for detaining property which has become his own in the manner authorized by law.  The theory adopted by the court may often result in great injury and injustice.  If damages are to be measured by the value of the use of property against a plaintiff after the property has been delivered to him, the amount will be determined, not from conditions existing at the time the action was brought, but upon conditions at the time of the trial; and the damages may be much or little, depending upon the early or delayed determination of the case.  In Gregory v. Morris, 96 U. S. 119, cited by the court in its opinion, it

was not held that damages could be recovered by the defendant for either the wrongful taking or wrongful detention, but merely for wrongfully suing out the writ. The wrongful suing out of the writ is the act upon which only damages can be awarded to the defendant. The defendant suffered no damages by the taking of the property on the writ except the loss of his property. It was taken in a lawful way, and therefore the taking was not wrongful. The defendant declined to give a re-delivery bond and retain the possession, and the plaintiff exercised his privilege by giving bond and taking the property. Every act of the plaintiff, therefore, was lawful. He honestly believed that he had a right to the property. When the defendant succeeded upon the trial what had he lost? Merely the property, which, so far as he was concerned, is represented by its value. He was then entitled to value and interest thereon, and nothing more. His remedy was on the bond given by the plaintiff, and the plaintiff's liability became conditionally fixed when the property was delivered to him. The indebtedness related back to the date of the bond. A recovery upon the bond would include interest from its date, as well as costs. There seems to be no reason why further damages than the value and interest should be allowed to the defendant. He can at any time replace the property by buying other property of like character. There was no wrongful detention, for the plaintiff could not wrongfully detain his own property; and it became his own property when he lawfully obtained the possession of it upon the writ.

POTTER, JUSTICE.

This was an action of replevin, and it comes to this court on error for the review of a judgment in favor of the defendant below. It is conceded that the property described in the petition, consisting of one team of mares, one wagon, and one set of double harness, was taken upon the writ and delivered to the plaintiff. The verdict of the jury was as follows: "We, the jury duly impaneled and sworn to try the issues in the above entitled action, do find for the de-

fendant, L. Thompson, upon the issues joined in this action; and we do further find that said defendant, L. Thompson, had the right of property and the right of possession of, in and to the one team of iron-gray mares, one Studebaker wagon and one set of double harness in controversy, at the time of the commencement of this action; and we do further find and assess as right and proper damages to said defendant for the value of said property in the sum of two hundred dollars, and as the damages for the unlawful detention of said property since this action was commenced in the sum of one hundred thirty-six and 90/100 dollars, being a total of three hundred thirty-six and 90/100 dollars awarded by the jury as the damages of said defendant." Judgment was entered upon the verdict for the total amount of the damages assessed.

It is contended by counsel for plaintiff in error that by the verdict and judgment the defendant was erroneously awarded damages for the wrongful detention of the property based upon the value of its use. It is urged in support of that contention that our statutes do not authorize a recovery by a defendant in replevin of damages for the detention of the property taken; that a clear distinction in that respect is found in the statutes between the damages recoverable by the plaintiff and those allowed in favor of the defendant; and that the defendant's recovery cannot exceed the value of the property, when it has been delivered to the plaintiff, with interest upon such value as upon a debt.

A defendant in replevin may within forty-eight hours from the time the sheriff levies the writ upon property described therein, execute with sufficient sureties a written undertakng to the plaintiff, in at least double the value of the property taken, to the effect that the defendant will deliver the property to the plaintiff if such delivery be adjudged, and will pay all costs and damages that may be awarded against him; and thereupon the sheriff is required to re-deliver the property so taken to the defendant. (Comp. Stat. 1910, Sec. 5011.) If such an undertaking is not furnished by the defendant, then it is required that the sheriff

deliver the property taken to the plaintiff upon the execu-
tion by sufficient surety of the plaintiff of a written under-
taking, in at least double the value of the property taken,
to the effect that the plaintiff shall duly prosecute the action
and pay all costs and damages which may be awarded against
him.  When, however, the property taken consists of an
heirloom, personal keepsake, or other article the value of
which is not wholly in its general marketable character,
but consists in whole or in part of its being a relic, model,
gift, family picture, painting or rare production of art or
nature, the sheriff is required to retain and safely keep the
property subject to the order of the court.  (Comp. Stat.,
Secs. 5010, 5011.)

When the property has been delivered to the plaintiff, or
remains in the hands of the sheriff, if the jury, upon issue
joined, find for the defendant, they are also required to
find "whether the defendant had the right of property or
the right of possession only, at the commencement of the
suit; and if they find either in his favor, they shall assess
to him such damages as they think right and proper, for
which, with costs of suit, the court shall render judgment
·for the defendant against the plaintiff and his sureties."·
(Comp. Stat., Sec. 5017.)  And when judgment is rendered
against the plaintiff on demurrer, or he fails to prosecute
his action to final judgment, it is provided that "the court
shall, on application of the defendant, assess to defendant
proper damages, including damages for the right of prop-
erty or possession, or both, if he prove himself entitled
thereto, or cause the same to be done by a jury, for which,
with costs of suit, the court shall render judgment for the
defendant."  (*Id.*, Sec. 5015.)  Thus, when the property
is delivered to the plaintiff under the provisions of Sections
5010 and 5011, "the plaintiff's undertaking stands in the
place of the property to the extent of the defendant's inter-
est, and the property passes into the exclusive possession
and control of the plaintiff."  (Boswell v. Bank, 16 Wyo.
161.)  In other words, as stated by the Supreme Court of
the United States in a case heard on error to the Supreme

Court of Wyoming Territory: "The delivery of the property to the plaintiff passes the title to him as against the defendant, who must look for his protection to a recovery in damages, if the writ is wrongfully sued out." (Gregory v. Morris, 96 U. S. 619, 624.)

The plaintiff's recovery is regulated by the provisions of Sections 5016 and 5018, Compiled Statutes. The former provides that when the property is delivered to the plaintiff, or remains in the hands of the sheriff, if the jury, upon issue joined, find for the plaintiff, and upon inquiry of damages upon a default, they shall assess adequate damages to the plaintiff for the illegal detention of the property, for which, with costs of suit, the court shall render judgment for the plaintiff. It is provided in Section 5018 that when the property is not taken, or is returned to the defendant for want of an undertaking by plaintiff provided for by Section 5010, the action may proceed as one for damages only, and plaintiff shall then be entitled to such damages as are right and proper. The proper judgment to be entered where the plaintiff recovers and the property has been redelivered to the defendant upon his giving the undertaking provided for in Section 5011, was considered in Boswell v. Bank, *supra*.

Since the statute expressly provides that damages for the illegal detention of the property may be assessed when the finding is for the plaintiff, and the property has been delivered to him or remains in the hands of the sheriff, and does not so expressly provide as to damages which may be recovered by the defendant, but that when the finding is in his favor damages which are "right and proper" shall be assessed, it is contended by counsel for plaintiff in error that the legislature has determined that damages for illegal detention are recoverable only where the plaintiff is successful under the conditions specified in Section 5016, and that this excludes the right to assess such damages to the defendant in any case. Opposing counsel, on the other hand, suggests that by analogy the rule prescribed in Section 5016 should be applied in enforcing the provision of Section 5017 for the assessment of "right and proper" damages in

favor of a successful defendant. But we do not think Section 5016, regulating plaintiff's damages when he succeeds in the action, is to be regarded as controlling the damages to be assessed where the finding is for the defendant, nor that the provision allowing the plaintiff to recover damages for illegal detention necessarily excludes the right of defendant to such damages. The defendant's right to damages, under the circumstances of this case, is fixed and determined by the provision of Section 5017, that the jury "shall assess to him such damages as they think right and proper, for which, with costs of suit, the court shall render judgment for the defendant."

At common law a defendant in an action for replevin might have a return of the property upon establishing his right thereto, but he could not recover damages or costs. Statutes were enacted to remedy such unequal and unjust condition, whereby the defendant was allowed damages and costs in case he recovered. The right of a defendant to damages, therefore, and the extent or measure of that right, depends upon the particular statute authorizing such a recovery. Our statute allows him to recover such damages as are "right and proper." Construing this statute, it was held in Gregory v. Morris, *supra,* by the Supreme Court of the United States, that it entitles the defendant to such damages as are "right and proper under the circumstances." That is clearly the natural and obvious meaning of the provision; and it contemplates that the defendant shall have adequate compensation for the injury sustained by the wrongful act of the plaintiff. It was so held in Nebraska upon a consideration of the same provision in the statutes of that state, the court saying: "The code means that he shall be fully compensated when it says that he shall have such damages as are right and proper." (Schrandt v. Young, 62 Neb. 254.)

The universal and paramount principle underlying all rules on the subject of compensatory damages is, that the person injured shall receive a compensation commensurate

with his loss and no more. Such rules "are but aids and
means to carry out this principle; and when in any instance
they do not contribute to this end, but operate to give less
or more than just compensation for actual injury, they are
either abandoned as inapplicable, or turned aside by an
exception." (1 Sutherland on Damages, 17, 18.) Not-
withstanding that the legal effect of the statutory provisions,
where the property is delivered to the plaintiff upon his
giving the undertaking authorized by Section 5010, is to
pass the title and control to the plaintiff, the value of the
property may not alone constitute full or adequate compen-
sation to the defendant, in case it is found that he had the
right of property and the right of possession. The deten-
tion in such case as well as the taking is included in the
wrongful act, and may properly be considered in assessing
such damages as are right and proper. And so we think that
the statute clearly authorizes a recovery by a successful
defendant of damages for the wrongful detention, where
the circumstances are such that he would not otherwise
be fully compensated. It may be that interest upon the
value will afford adequate compensation for the detention,
and that the value with interest will constitute the proper
measure of the damages to be assessed. But, if so, interest
is allowable in addition to the value of the property as
damages for the injury sustained through the wrongful
act of the plaintiff, rather than upon the theory that the
relation of debtor and creditor exists between the parties
entitling the defendant to interest as upon a debt. "Interest
is allowed as a legal compensation for lost use." (Cobbey
on Replevin, 2nd Ed., Sec. 885.)

Ordinarily interest upon the value during the time the
successful party was deprived of the property is the proper
measure of damages for the detention, but it is not always
or necessarily so. Where the property is valuable for its
use, the value of its use may be recovered instead of inter-
est. (3 Sutherland on Damages, 559, 560; Cobbey on Re-
plevin, 2nd Ed., Sec. 886; Shinn on Replevin, Sec. 646;

24 Am. & Eng. Ency. L., 2nd. Ed., 522; 34 Cyc. 1560-1562.)

In the section cited from Cobbey on Replevin, it is said: "It is true that interest on the value of the property wrongfully detained is sometimes considered the proper measure of damages in replevin cases, but it was never regarded as limiting the amount of the damages which might be allowed, and in the nature of things it should not be." And in Section 887 the author says: "In the case of work-cattle or horses, tools or implements of trade or husbandry taken from the owner, who is thereby deprived of their use, the reasonable value of that use will in most cases be the only just compensation for their detention." (See also Sec. 888.)

It has been held that where a defendant elects, under a statute authorizing it, to take a judgment for value instead of the return of the property, he is limited in his recovery to the value and the interest thereon. The ground upon which that has been so decided is that by such election the defendant, in effect, makes a sale of the property to the plaintiff at the date of its taking, so that the value with interest up to the date of the verdict is a fair compensation. In other words, the defendant in such case, having the right of election, waives the wrongful act, like a plaintiff who sues in trover. (Just v. Porter, 64 Mich. 565; Becker v. Staab, 114 Ia. 319; Bigelow v. Doolittle, 36 Wis. 115.) In the Michigan case the court say: "If he prefers to take the property, and the value of its use while detained, he can do so. The option is his, and not the plaintiff's. There is no justice in his taking the value of the property, selling it to the plaintiff against his will, and also charging him with the use of it in addition."

It is contended that the rule so adopted should be applied here, since the defendant is not entitled to a return. But there is a substantial difference between our statute and one requiring the defendant to elect whether he will take a judgment for the return of the property or its value. In

the latter case, where there is an election to take a judgment for value, the defendant by his own act waives his right to a return, and, therefore, it may be proper to confine his compensation to the value with interest. Under our statute the defendant has no option to exercise. It is true that he is limited in his recovery to damages; but that is because the statute so declares, and it is not dependent upon any act of the defendant. The position of the plaintiff is the result of his own act in taking the property and securing its delivery to him. Though the statute provides for recovery by the defendant of damages only, it prescribes that the damages shall be such as are right and proper, and no good reason is perceived for holding that he is confined to interest as damages for the detention, if he establishes the fact that the value of the use of the property of which he was deprived through no act or election on his part exceeds the interest.

It was at one time held in Nebraska that a defendant in replevin was entitled to damages for detention only when the property was returned to him, and that if a verdict is for the value, "the action in that respect being one for damages only, the measure of damages is the value of the property as proved, together with lawful interest thereon." (Romberg v. Hughes, 18 Neb. 579.) In that respect the case was overruled in Schrandt v. Young, 62 Neb. 254, where the question is considered in an able opinion by Judge Pound. In that state, when the defendant recovers, an alternative judgment is required for the return of the property, or, if return cannot be had, for the value or value of possession, and for damages for withholding the property. As said in the opinion in the case last cited, the election to return or pay the value is left practically to the plaintiff, and it is further said: "The rule in Romberg v. Hughes is not required by, nor has it any support from, the statute or the authorities, and has been cited only to be received with doubt. * * * Nor is it sustained in a jurisdiction like ours, where the defendant is not required to elect whether

to claim return or value, by the suggested analytical distinction between replevin and trover." Further, it is said: "If the value of the use exceeds the interest, it is unjust that the defendant, who was entitled to and deprived of the use, should be required to take the interest only; and it is equally inequitable to allow the plaintiff by merely paying the value of the property and the interest, to retain the difference between the interest and the value of the use of the property."

The evidence is not here, but it is evident that the amount allowed as damages for the detention exceeded the interest, since less than a year intervened between the time when the suit was commenced and the date of the verdict, and it is conceded that the assessment of such damages was based upon the value of the use of the property. For the reasons stated, the judgment is not objectionable on that ground. Having thus disposed of the only objection urged against the verdict and judgment, it is unnecessary to consider the points suggested by counsel for defendant in error relative to the sufficiency of the motion for new trial to raise the question. The judgment will be affirmed.

BEARD, C. J., and SCOTT, J., concur.

### ON PETITION FOR REHEARING.

POTTER, JUSTICE.

A petition for rehearing has been filed in this case and counsel for plaintiff in error has ably and courteously discussed the question considered in the former opinion, contending that the court erred in holding that a defendant in replevin, if successful, is entitled to recover anything by way of damages for the detention of the property taken upon the writ; and that he may recover as such damages, under the circumstances stated in the opinion, the value of the use of the property instead of interest. It is earnestly argued that under our statutes a plaintiff in replevin who has acquired possession of the property taken upon the writ by giving the authorized undertakng cannot properly

be said to wrongfully detain the same, and should not, there-
fore, be held liable to respond in damages as for its wrong-
ful detention.    The contention is plainly stated in counsel's
brief that the plaintiff so acquiring possession of the prop-
erty becomes the owner of it, and, for that reason, the
measure of defendant's damages when he succeeds in the
action should ordinarily be confined to the value of the
property with interest thereon, as upon a debt.    Counsel
seems to concede, however, that there may be conditions
where a writ wrongfully sued out will cause damage far
beyond the value of the property and the interest thereon,
such as where the property is shown to have had a peculiar
value to the defendant, as property that cannot be purchased
in the open market, or where the defendant through the
wrongful suing out of the writ may have been prevented
from performing a contract of sale requiring him to deliver
the particular property.    And we understand from the
brief that it is also conceded that the defendant should,
under all circumstances, be allowed to recover as damages
an amount "commensurate with his loss."    It is, however,
insisted by counsel that the case at bar is not one authoriz-
ing the recovery of special damages, for the reason that
the property taken might have been replaced by purchase
in the open market, and the defendant can be fully com-
pensated for his loss by the value of the property with
interest thereon, and under the circumstances his recovery
should be confined thereto.

It may be said that in this case the defendant alleged
by his answer that by being deprived of the use of the
property during the pendency of the action he was damaged
in the sum of $200.    Without considering whether the value
of the use, if recoverable at all, would be upon the theory
of special damages, or whether the allegation of the answer
would be sufficient to authorize such recovery as special
damages, we proceed to a discussion of the contention of
counsel that a plaintiff in replevin after securing the de-
livery of the property to him cannot be held to wrongfully

detain it. Counsel is mistaken in supposing that the question may have been decided upon less than the usual careful consideration given to cases in this court, for the conclusion, whether erroneous or not, was reached only after mature deliberation; and, having carefully considered counsel's able presentation of the case from his standpoint, we reman of the opinion that it was correctly decided.

Why is it that upon plaintiff's giving the undertaking, which he is allowed by statute to do and thereby obtain a delivery of the property to him, the title is passed to him as against the defendant? Surely not because it is determined by such action that he is the true owner of the property, for that is one of the questions to be decided at the trial, if he claims ownership. The reason is and must be that the statute allows the defendant in such case to recover damages only, if he succeeds upon the trial, and provides only as to the condition of the plaintiff's undertaking that he shall duly prosecute the action and pay all costs and damages which may be awarded against him. Perhaps it is immaterial whether the damages to be so recovered, in excess of the value of the property and interest, are to be regarded as general or special. Counsel argues that when the plaintiff has so secured the delivery of the property to him, being authorized by law to do so, his detention of the property thereafter is not wrongful. It might as correctly be said that his act in suing out the writ and obtaining possession of the property is not wrongful, for the law also authorizes him to do that. But he is allowed to do that, and thereby keep as well as take the property upon the condition that he shall enter into an obligation to pay all costs and damages that may be awarded against him. And if it be finally determined that he was not entitled to the possession, then clearly it will thereby be determined that his act in suing out the writ and causing the property to be delivered to him was wrongful; and if that act was wrongful, it follows by the same reasoning that the detention would be wrongful. To state it differently and perhaps more accurately, the wrongful suing out the writ results

not only in taking the property of the plaintiff but also in its detention, or as said in the former opinion, "the detention in such case as well as the taking is included in the wrongful act." We understand counsel to concede that damages are recoverable by a defendant for a wrongful suing out of the writ, and that it is for such act only that damages are recoverable. To determine, then, what damages would be "right and proper," which the statute says may be recovered, it is necessary to ascertain the effect of the act of suing out the writ upon the defendant's rights. His right as the owner and the one entitled to possession of the property was not alone that of possession at the moment it was taken from him, but also to retain and use it; and of that right he would be divested by the wrongful act of suing out the writ, and should be given full and adequate compensation for the loss of that right. True it is that plaintiff's act in suing out the writ and securing a delivery of the property to him is authorized by law, but not a law which either provides or intends that the defendant's property shall be taken and passed to the plaintiff without adequate compensation for the wrong suffered by him in consequence thereof, if it should be found that the plaintiff had no right to take the property. A law on the contrary which provides and intends that if the plaintiff fails to establish his claim to the property or to its possession the defendant may recover such damages as shall be "right and proper."

Instead of perceiving any injustice in allowing the defendant full and adequate compensation by awarding the value of the use of the property rather than interest, where the property is shown to have had a usable value exceeding interest, as contended by counsel, we think that great injustice might result in such case from a rule confining the defendant's recovery to the value of the property and interest thereon, upon the theory that the plaintiff, by wrongfully pursuing the remedy which the statute has provided for one who finds his property unlawfully in the possession of another becomes in effect the purchaser of the property de-

livered to him and as such the debtor of the defendant for
the value thereof. It may be immaterial whether the inter-
est on the value of the property or the value of its use be
referred to as damages for detention, or as an element to
be considered in ascertaining the amount of the damages
for the wrongful suing out of the writ. We are satisfied
that under the circumstances stated in our previous opinion
the value of the use may properly be considered in esti-
mating the defendant's damages, in order to award him
such an amount as shall be "right and proper" under the
circumstances." He will have been as clearly deprived of
such use as of the property itself, and when the property
is shown to have had a usable value exceeding interest he
will not be fully and adequately compensated unless such
value be allowed him, and we are convinced that the statute
authorizes it to be allowed in such case instead of interest.

We are not strongly impressed by the argument that our
statute which permits a defendant to give a re-delivery bond
and thereby retain possession is analogous to statutes of
other states allowing a defendant to elect in case he recovers
to either take a judgment for value or for a return of the
property, so that his failure to give the bond should be
treated as an election on his part, bringing the case within
the rule adopted under such statutes that where the election
is to take judgment for value the recovery is limited to
the value and interest, on the theory that by such election
he has in effect sold the property to the plaintiff. The
defendant is not required to give a re-delivery bond, though
he may do so. Under the statute permitting it he is not
as free to act as a defendant who is merely required to
say upon recovery at the trial that he will take a judgment
for value instead of for the return of the property. It
may be that his situation is such as to make the giving of
.the re-delivery bond impossible. On the other hand, every
act of the plaintiff in commencing the suit and giving the
undertaking whereby he obtains possession of the property
is voluntary on his part. And he takes that action with
the knowledge that his obligation and liability will be to

pay such damages sustained by his act as may be found to be "right and proper."

To hold that the act of the plaintiff in so commencing the suit, suing out the writ, and obtaining possession of the property, consummates in legal effect a sale of the property to him, thereby limiting the damages of the defendant to the value of the property and interest thereon, as upon a legal sale without express agreement as to price, would put it within the power of anyone capable of giving the statutory undertaking, and against one unable to furnish a re-delivery bond, to force the sale of any personal property to him which he might desire and be willing to pay the market price for against the consent of the true owner. And even if the true owner in such case, upon his property being so taken from him, might be able to give a re-delivery bond but unwilling to do so, there would be no just reason in a statute imposing upon him the penalty of either giving the bond or consenting, by refusing or declining to do so, to the sale of his property at such price as it may be found upon the trial to have been worth, so as to limit his recovery to such value with legal interest; where he is able to establish that the property had a usable value in excess of the interest of which he has been deprived. And we do not think that our statutes are to be construed to have that effect.

We are satisfied that the case was properly decided and upon a correct principle under our statute as herein explained. A re-hearing is therefore denied.

BEARD, C. J., and SCOTT, J., concur.