LA FLASH, APPELLANT, *v.* TIGER ET AL., APPELLEES.

(No. 3508—Decided April 15, 1952.)

*Mr. Harry T. Rapport, Mr. William E. Pfau* and *Mr. William E. Pfau, Jr.,* for appellant.
*Mr. Michael A. Del Bene,* for appellees.

PHILLIPS, J.   In this opinion plaintiff, appellant herein, will be called plaintiff, and defendants, appellees, Robert Tiger and his partners George Seefred, Jr., and William T. Wilson, who, while originally not sued, were by agreement of counsel made codefendants of Robert Tiger, will be referred to as defendants.

On December 15, 1949, plaintiff sold to George Cawley, in Detroit, Michigan, a 1945 International tractor and a 1942 Fruehauf, flat-bed, tandem trailer, for the total sum of $3,300.   Cawley paid $300 in cash, and evidenced the balance of his indebtedness to plaintiff by his note for $3,000 secured by a chattel mortgage on the trailer.

On December 24, 1949, Cawley sold the trailer to defendants for $600, after advising them that it was free and clear of all incumbrances, that he held a certificate of title to it, and that plaintiff was paid in full. Late in the afternoon of December 24, 1949, defendants found some tools in the trailer, as a result of which they telephoned plaintiff at Detroit and learned that plaintiff held Cawley's note and unrecorded mortgage.

The evidence discloses that such mortgage subsequently was duly filed on December 27, 1949.

Plaintiff sued defendants in the Court of Common Pleas to replevin the trailer.   By answer, defendants

contested plaintiff's right of possession and by cross-petition prayed for damages for wrongful detention thereof.

At the close of all the evidence, the trial judge found as a matter of law that defendants had the right to possession of the trailer in question and directed the jury to return a verdict for the defendants on their cross-petition. The court submitted to the jury the question of the value of the trailer at the time of taking (which the sheriff appraised at $1,600, and bond in double the amount of which was posted by plaintiff), and the question of amount of damages to be fixed against plaintiff for the wrongful replevin of such trailer.

The jury fixed the value of the trailer at $1,200, returned a verdict for defendants in that amount, and found that defendants had suffered damage for the wrongful detention thereof in the amount of $3,300. The trial judge overruled plaintiff's motion for judgment notwithstanding the verdict, entered judgment in favor of the defendants against the plaintiff for $4,500, and overruled plaintiff's motion for a new trial.

Plaintiff appealed to this court on questions of law from the final judgment of the trial court, and by assignments of error contends that the trial judge erred to his prejudice in directing the jury to return a verdict for the defendants on the cross-petition as to the right of possession of the vehicle in question; in failing to submit the issue of the right to the possession of the vehicle to the jury; in submitting to the jury the issue of the loss of use of the vehicle claimed; in his general charge to the jury made after argument; in failing to sustain the plaintiff's motion for judgment notwithstanding the verdict; in overruling the motion for new trial filed by the plaintiff; in failing to order a remittitur of such portion of the recovery which the defendants recovered on their cross-petition

for the value of the trailer, which was not sustained by evidence; and contends there are "many errors appearing in the record to which objection and exception were taken."

Arguing his assignments of error numbers one and two, plaintiff contends that the trial court erred in directing "a verdict in favor of defendant on the issue of the right of possession for the reason that he did not feel there was any evidence to submit to the jury on the issue of any bad faith, or notice on the part of the defendants." Plaintiff claims there is testimony that defendants purchased such trailer "for less than one-third of its market value, from a total stranger," a nonresident of the state, without complete investigation, when "the trailer itself gave evidences of being owned by someone other than the seller, according to the testimony of Robert Tiger himself who said that the tires were 'branded' ''; that defendants called plaintiff only after the circumstances stated aroused their suspicion; that the jury "found that the trailer had a value of $1,200 which was double the amount paid for it by the defendants"; and that "all in all the purchase, rather than appearing to be bona fide, appears from the record to be most suspicious."

Plaintiff supports his assignments of error numbers three and four that the trial judge erred to his prejudice "in submitting to the jury the issue of the loss of use of the vehicle claimed," and "in failing to sustain the plaintiff-appellant's motion for judgment *n. o. v.*," by the citation of the rule allegedly applicable as announced in the first paragraph of the syllabus of the case of *Hayes Freight Lines, Inc.,* v. *Tarver,* 148 Ohio St., 82, 73 N. E. (2d), 192, as follows:

"One who recovers the full value of a motor vehicle completely destroyed by the negligent acts of another, or the full value thereof less wreckage or salvage value where the vehicle is damaged beyond repair,

may not also recover for the loss of the use of the vehicle.''

Counsel for plaintiff frankly admit that no Ohio court has passed upon the question presented as it applies to an action in replevin such as the one we review, but argue that ''to hold that a different rule of damages applies in a replevin action to that which applies in a negligence action would be to ignore the basic rule that compensatory damages are to be awarded in both types of actions.''

In commenting upon the case of *Romberg* v. *Hughes*, 18 Neb., 579, 26 N. W., 351, plaintiff contends that the decision and rule announced in that case control and are applicable to the case we review, and by brief argues:

''The instant case graphically illustrates the absurdity of any other rule. As the record shows, defendants' witnesses testified that the trailer had a value of between $300 and $600, yet in their cross-petition and argument defendants claim to be entitled to $8,100 for one year's wrongful detention of this trailer. This is based on the testimony to the effect that the trailer had a reasonable rental value of $150 a week and that defendants were deprived of the use of the trailer for approximately one year before the case came on for trial.

''* * * For no apparent reason the jury felt that the sum of $3,300 was proper for damages, though on the basis of this record, if damages are permitted for the wrongful detention of this property on the basis set forth in the trial court, there seems to be no reason why the jury should not have given the defendants the entire $8,100 claimed.''

With reference to the plaintiff's assigned grounds of error numbers five and six that the trial court erred in ''overruling the motion for new trial filed by the plaintiff-appellant herein'' and erred ''in failing to

order a remittitur of such portion of the recovery which the defendants-appellees recovered on their cross-petition for that amount awarded for the value of the trailer which was not sustained by evidence,'' plaintiff contends that since defendants testified that the trailer had a value of but $600, and there is no credible evidence that the trailer had a value of $1,200, the trial court should have ordered a remittitur of the amount of the verdict over and above $600; that ''if there was any credible evidence that the trailer had a value of $1,200 then a new trial should have been ordered because clearly if defendants were able to purchase this trailer for half its actual value it should have created a jury question as to whether or not defendants were acting in good faith''; that ''if the testimony of defendants is to be taken as conclusive as to the value of the trailer, the judgment should be in accordance with that testimony''; and that ''a new trial should be granted as the issue of right of possession should have been submitted to the jury.'' Finally, plaintiff contends that ''in the event that this court finds that the trial court properly directed a verdict as to the right of possession, then'' this ''court should order a remittitur of'' $600; that ''the judgment for damages should be made contingent upon the return of the trailer''; and that ''if the trailer is returned the amount of the damages to be paid should be remitted to some figure commensurate with the value of the trailer.''

Upon the facts submitted to us for review, some of which are stated, *supra*, and the law applicable thereto, we conclude that the trial judge did not err to plaintiff's prejudice ''in directing the jury to return a verdict for defendants on their cross-petition as to the right of possession of the vehicle in question'' or in failing to submit that issue to the jury, there being no evidence of fraud or bad faith.

By direction of the trial judge, the jury found for defendants on their cross-petition as to their right of possession of the trailer in question. Section 12069, General Code, provides that under such condition the jury "shall assess to him [them] such damages as they [it, the jury] think proper, for which, with costs of suit, the court shall render judgment in his [their] favor."

Defendants were bona fide purchasers of such trailer for value and without notice of any prior incumbrances, which incumbrances at such time were not a matter of record, and which mortgage was not filed until after purchase and sale of such trailer were consummated fully. See Sections 8560 and 8561, General Code; and Section 26.929, Michigan Statutes.

We cannot arrive at the conclusion which counsel for plaintiff ask us to reach that the trial judge erred in submitting to the jury the issue of the loss of use of the vehicle claimed. See 34 Cyclopedia of Law and Procedure, 1562.

While plaintiff contends by assignment of error that the trial judge erred to his prejudice in his general charge to the jury made after argument, he has not argued that claimed error orally or by brief. Accordingly, we do not pass upon that assigned ground of error.

We have not had too much trouble determining that the trial judge did not err to plaintiff's prejudice in overruling his motion for a judgment to be entered in his favor notwithstanding the verdict of the jury returned against him, for the reason that, in our opinion, the record discloses no evidence warranting submission of the case we review to the jury on the question of fraud.

From a careful study of the evidence and the law applicable thereto, we conclude that the verdict of the jury is excessive in the amount of $2,000, and that the

judgment of the Common Pleas Court should be reversed as against the manifest weight of the evidence and for failure to grant a remittitur, unless within 30 days of the date of the entry of this decision upon the docket of this court, the defendants accept a remittitur of the amount of the verdict in excess of $2,-500. In that event the judgment of the Court of Common Pleas is affirmed in the amount of $2,500; otherwise it is reversed and the cause is remanded for further proceedings to be had in accordance with law.

Appellant's counsel have failed to call our attention to "many errors appearing in the record to which objection and exception were taken," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly, we will not pass upon this assigned ground of error.

*Judgment accordingly.*

NICHOLS, P. J., and GRIFFITH, J., concur.