Opinion of the court, by
Judge Hitchcock:
At an early period of the judicial history of the State of Ohio, it was determined that an appeal could not be sustained from the court of common pleas to the Supreme Court from a judgment of nonsuit.
The reason which operated upon the court in giving this construction to the statute undoubtedly was, that such judgment did not conclude the rights of the parties. It was not final. The plaintiff might, at any subsequent period, recommence his action, and prosecute it to final judgment. The judgment of nonsuit would be no bar. So uniform were the court in enforcing this rule, that the legislature thought proper to interfere, and on February 4, 18Í3, enacted a statute, providing, in substance, that where the nonsuit was ordered by the court of common pleas in consequence of a defect of testimony, or for any other cause, the *80 plaintiff should have the right of appeal. From, this statute no other inference with respect to the intention of the legislature, than this, can be drawn, that where the nonsuit was voluntary, the plaintiff should not have this right; and from that period to the present, such has been the uniform decision of the court. Such being the case, the court would not hesitate to sustain the present motion, were the action of a different description, and did we suppose that by pursuing that course we should be carrying into effect the intention of the legislature, in securing to parties litigant the right of appeal.
The action of replevin is one of a peculiar nature; both parties are actors. In this state it is regulated by statute. By section 5 of the act of January 22, 1813, the statute in force when this suit was commenced, it is provided, that “if the plaintiff becomes nonsuit, or on trial the jury find the defendant not guilty of taking the goods and chattels *from the possession of the plaintiff, or find that such goods and chattels belonged to the defendant, the value of such goods and chattels shall be ascertained by the jury, and the court shall render judgment for the defendant, for the value so found, with fifty per cent, damages, and interest from the time of their being replevied.” By this section it appears, that after the plaintiff becomes nonsuit, a judgment is not thereupon, as in ordinary cases, rendered for the defendant to recover his costs. The situation of the parties is changed. The defendant becomes plaintiff, or actor. He claims to recover not only his costs, but also the value of the goods and chattels replevied, together with damages. A jury is impanneled to ascertain this value, and return a verdict accordingly. Upon.the verdict of the jury the court render a judgment for the value of the property, together with fifty per cent, penalty, or damages and interest.
This judgment is final. It is not, strictly speaking, a judgment of nonsuit. The plaintiff can not afterward recommence his action of replevin, for the property is already in his own possession. It is a judgment whereby the defendant recovex-s the value of the propex-ty and damages after he becomes actor in the case ; and in its effects may, with more propriety, be assimilated to a judgment by default, than to a judgment 'of nonsuit. The propriety of sustaining an appeal, under our statute, from a judgment by *81 default, has never been doubted, and the same reason applies for sustaining the appeal in the present case, as in one of that description.
The motion to dismiss the appeal is overruled, and the cause continued.