## SOPRIS *v.* LILLEY.

DAMAGES — *evidence as to, in debt on replevin bond.* Upon the condition in a replevin bond to return the property replevied, if return thereof shall be awarded, in the absence of evidence showing the value of such property and the value of its use since judgment was given in the replevin suit, only nominal damages can be allowed.

When the bond recites the gross value of the property replevied, such recital may be evidence of the value of all the articles mentioned collectively.

But if a portion of the property has been returned to the sheriff, according to the condition of the bond, such recital affords no evidence of the value of the remainder which has not been returned.

Upon the condition in the bond to prosecute the suit to effect and without delay, damages for detention of the property, pending the replevin suit and before judgment for return was given, cannot be recovered unless they were awarded in the replevin suit. Overruling S. C., 1 Col. 266.

*Error to District Court, Arapahoe County.*

THE condition of the bond on which the action was brought was as follows :

"Whereas, the above bounden John G. Lilley, plaintiff, has on this day sued out a writ of replevin out of the district court of Colorado Territory, in and for the county of Arapahoe, against one Alonzo Booth, to recover the possession of one gray horse branded with the letters U. S. on the left shoulder, and I. C. on the left hip, about nine years old, and one gray horse with back a little swayed, about ten years old, and one Jackson wagon, which said property is of the value of five hundred dollars, and alleged to be in the possession of the said defendant, and which said writ has been placed in the hands of Richard Sopris, sheriff of said county.

"Now, therefore, the condition of this obligation is such that if the above bounden plaintiff shall prosecute his suit of replevin with effect and without delay, and make return of said property about to be replevined, if a return thereof shall be awarded, and shall pay all damages which may be adjudged against him for the detention thereof, and

save and keep harmless the said Richard Sopris, as aforesaid, in replevining said property, then this obligation to be void; otherwise to remain in full force and effect.

"For breach, the plaintiff alleged that the said defendant, John G. Lilley, did not prosecute his said suit with effect, and without delay, against the said Alonzo Booth, and did not, and has not made, return of the property so replevined as aforesaid, according to the form and effect of the condition of the said bond, or writing obligatory, but has hitherto wholly neglected," etc.

The defendant, Lilley (Hastings not having been served), pleaded that there was no record of judgment in the replevin suit, and issue being joined, the cause was tried to the court, who found the issue for plaintiff, and assessed his damages at one cent.

At the trial it appeared that the bond was given in a replevin suit brought by Lilley (defendant in error) against Booth, to recover the possession of two horses and one wagon, which suit was dismissed on motion of Booth, defendant therein, and judgment given for return of the property replevied. The return to the *retorno* in that suit, showed that the sheriff found the horses, and delivered them to Booth, but made no mention of the wagon, or stated that it had been eloigned.

Plaintiff also introduced testimony to show the value of the use of the horses during the time they were in possession of Lilley (defendant in error), for which it will be observed the court declined to give judgment.

There was no evidence as to the value of any of the property, except the recital in the condition of the bond.

The defendant was allowed to give evidence as to the ownership of the property, to which the plaintiff strenuously objected, and much of the argument in this court was upon that point. This question is not noticed in the opinion.

Mr. Alfred Sayre and Mr. C. W. Wright, for plaintiff in error.

Mr. T. G. Putnam, for defendant in error.

The chief justice dissented.

Wells, J. The bond, which was the foundation of the plaintiff's action, contained four conditions, to-wit: 1. That the principal should prosecute his suit to effect and without delay. 2. That he should return the property, if return should be awarded. 3. That he should pay all damages which might be adjudged against him for the detention thereof. 4. That he should save and keep harmless the sheriff.

The declaration assigned breaches upon the first and second conditions.

The condition to make return of the property is performed if the plaintiff in replevin restore the goods seasonably after return awarded. If such return be not made, the obligors are liable for the value of the goods, with, in some cases, perhaps a further sum to compensate for the detention, intermediate the award of return and the date of recovery in the action upon the bond. As a matter of course, it devolves upon the plaintiff in the action upon the bond, to establish the measure of his damages. When the value of the goods is fixed by the recital of the bond, this may, it would seem, ordinarily suffice. But when, as in this case, several chattels are replevined. and the condition of the bond sets forth only the aggregate value, and some are returned, and some are not, it is otherwise. In such case the recitals of the bond afford no information as to the value of either those returned or those retained. In the present case the evidence showed that the horses replevined were returned either on the same day upon which return was awarded, or upon the succeeding day ; as to these, therefore, we are compelled to hold the condition performed. So far as appears, the wagon replevined never was returned ; but the evidence is silent as to its value or the value of its use. As before said, it rested with the plaintiff in this action to show this. Upon this breach, therefore, he was entitled to nominal damages only.

It seems to be assumed by counsel that damages for the detention of the goods, between the day of the execution of the writ of replevin and the award of return, may be recovered under that assignment of breach which goes to the first condition of the bond. If the question were a new one, this condition might well be argued to be a mere alternative to what follows, thus importing that the plaintiff shall either prosecute his suit to a successful termination or, in default of so doing, perform the remaining conditions. The bond is given for the protection of the defendant, and certainly it appears absurd to say that the legislature has solemnly exacted of the plaintiff security to perform what must inevitably be to the defendant's injury.

This condition has, however, generally been regarded, not as a mere alternative to the residue, but as of itself a substantial condition; so that for the breach of this, though all the rest should be performed, an action may lie on the bond; and this view was adopted in the present case when here at a former term.* We are not at liberty to give to the words of the condition a contrary effect.

The question recurs, however, whether the damages occasioned by the detention of the chattels, pending the replevin suit, may be recovered under an assignment for breach of the bond that the principal did not prosecute with effect. The statute (section 12) provides that if the plaintiff in replevin fail in his suit, damages for the use of the property from the time it was taken until return awarded shall be adjudged against him.

It is these damages, manifestly, to which the third condition of the bond refers; it is this judgment which this clause of the condition was intended to secure   But by this condition the sureties undertake to be responsible for the payment by their principal of those damages, when judgment shall have been given therefor, and only in that event; and the general words of the first condition cannot be used to enlarge these particular words.

The sureties can be held liable for the damages occasioned

---

* 1 Col. 266.

by the detention of the goods prior to the award of return, only when those damages have been ascertained and adjudged against their principal, for this is the letter of their undertaking. *Clark* v. *Norton*, 16 Minn. 417; *Fullerton* v. *Miller*, 22 Md. 5; *Pettygrove* v. *Hoyt*, 2 Fairf. 68; *Strong* v. *Mason*; 3 Gilm. 56; *Bein* v. *Hath*, 12 How. 168.

An intimation to the contrary was given by the chief-justice when this case was here before, but the decision was expressly restricted to the sufficiency of the defendant's plea.

The judgment of the district court is affirmed, with costs.

*Affirmed.*