JACOB SCHNITZER, APPELLANT, v. BERNHARD RUSSELL, APPELLEE.

Submitted December 1, 1910—Decided July 16, 1911.

1. In replevin, when, under the statute, a party asks that the value of the property be awarded to him in lieu of a return of the property itself, he should not be allowed to take a money judgment in excess of the true value of the goods indicated by their condition at the time he was deprived of their use.

2. For the unlawful detention of property having special usable qualities when a judgment in replevin will compel the successful party to accept the property in kind and not its value, the damages may not be measured by the interest upon its value, but where the party, of his own volition, elects under the statute to recover, in money, the value of the property, and thereby prevents the other party from making a return in kind, interest on such value is a proper measure of damages.

3. To entitle a defendant, under section 137 of the District Court act, as amended in 1899 (*Pamph. L., p.* 558), to a judgment for the value of the goods in lieu of a return, the defendant must be entitled to the chattels, as owner, as distinguished from ownership of an interest, or partial property therein.

On appeal from First District Court of Jersey City.

The judgment of the District Court, from which this appeal has been taken, was rendered for the defendant, in an action of replevin, by the court, sitting without a jury.

The state of the case, settled by the judge of that court, discloses the following facts: The defendant signed a writing dated January 1st, 1910, in which it was stated "that I have this day rented from the plaintiff the articles, all hereinafter mentioned, upon the following conditions: That if I pay to them (the plaintiff) * * * a deposit of $25 on account * * * the receipt whereof is hereby acknowledged and $2 installments each and every week * * * until the sum of $51 shall be fully paid, the said plaintiff will upon final payment sell to me the said property, * * * and I agree to retain them as their goods * * * in trust for and as the property of the plaintiff who neither part with, nor do I acquire any title thereto, until the said sums are fully paid. * * * In case of any default in any of said payments * * * this agreement shall, at plaintiff's option, be deemed annulled, and they (plaintiff) are hereby authorized to remove said property and collect all reasonable charges for the use and expense of removal thereof and injuries thereto." Six articles of household furniture appear in an appended schedule, exhibiting the price of each article, and an aggregate charge of $76.10.

On May 16th, 1910, a second agreement was made between the parties exactly like the former, save as to date, amounts and articles of furniture. The aggregate amount of the latter agreement was $191.

Certain installments were paid on each of these agreements, and shortly after the delivery of the articles, under the first agreement, part of the same were returned to the

plaintiff. The trial court found as a fact that a charge had been made to and paid by the defendant, for the use of the articles returned, and that, before the commencement of the action, payments had been made sufficient to discharge the entire amount to be paid under the first contract. The articles so returned, although enumerated in the writ of replevin, had not been taken by it, and the constable was directed to amend his return in accordance with the fact. The aggregate of the prices affixed in the agreement to the returned articles was $29.10.

On August 11th, 1910, the defendant stated to the plaintiff that he desired to leave the country and desired to return the remainder of the articles and receive from the plaintiff the amounts paid under the contracts. The plaintiff offered $10 upon return of the goods; the defendant refused it, and stated that if nothing more would be allowed, he would send the goods to auction and have them sold, whereupon the plaintiff said he would inspect the goods the next day and see what allowance he would make for them. He did not do this, but on August 12th caused a written demand for the return of all the goods mentioned in the two agreements to be served upon the defendant, followed by the issuance of the writ, on the same day.

The trial court further found "that while some payments were in arrear, tested by the terms of the second contract, the plaintiff had received a payment of $2 on account of that contract on August 6th, and at intervals of a week, for three weeks prior thereto, so that any right which the plaintiff might have had to take advantage of prior default was waived by the reception of these payments, without protest or condition of any kind."

The court, under objection, admitted testimony that the taking of the goods by the writ left the defendant without any furniture; obliging him and his family to obtain meals at a restaurant, entailing an additional cost of living of $20, and also testimony showing cost of washing the wearing apparel of the defendant, which had been soiled by the officer in seizing the goods under the writ.

The defendant had, more than five days before the trial, given notice that the property of the goods was in him, and that upon the trial he would ask the court to ascertain their value and his damages.

Under objection, the court, no jury being demanded, rendered judgment in favor of the defendant for the value of the property and the defendant's damages, as follows:

The value of the defendant's interest in the goods
    mentioned in the first contract, being the amount
    paid to the plaintiff on that contract.......... $47 00
The value of the defendant's interest in the goods
    mentioned in the second contract, being the
    amount paid to the plaintiff on that contract... 58 00
Damages for the unlawful taking, being the extra
    cost of living.............................. 20 00
Damages, expenses of washing apparel.......... 5 00

    Total value and damages................ $130 00

For which amount judgment was rendered for the defendant.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the appellant, *Clarence Kelsey.*

For the appellee, *John Francis Gough.*

The opinion of the court was delivered by

VOORHEES, J. First, considering the *status* of the goods mentioned in the first agreement which the court found as a matter of fact had been paid for, and therefore belonged to the defendant, and conceding that the notice given raised an issue of property in the defendant, and that the court was authorized upon the trial, under section 137 of the District Court act as amended in 1899 (*Pamph. L., p.* 558), to find the value of the goods and the damages and to enter judg-

ment for such sum, it is clear that this judgment must be reversed.

The value of the goods was measured by the court, by the amounts which had been paid upon the contract, and this irrespective of the condition of the articles, at the time of their seizure, or what they then would have sold for. It is apparent that the time when the goods were taken is the time at which their value must be ascertained.

The amount which has been paid on account of the price of a previously-arranged executory sale, between the parties, and which had been fully executed by full payment, can have little bearing upon the value of goods at a subsequent period, when, as here, they had been subjected to wear.

In the present case, the articles had been in use in the defendant's family, and natural wear and tear would probably depress their worth in the market. In case of the injury of any of them in excess of ordinary wear, there would be a further depletion of value, not attributable in any way to the plaintiff.

In view of the fact that it was at the instance of the defendant that the value was asked, in lieu of a return of the identical property, he should not be allowed to take a money judgment in excess of the true value of the goods, indicated by their condition at the time he was deprived of their use.

But a second reason, leading to the vacation of the judgment, is the erroneous element of damages awarded for the unlawful removal of the goods. These damages are clearly shown to be too remote.

The giving of damages for expense of washing and cleaning defendant's apparel and household linen, made necessary by the constable's action in placing these articles on the floor when he removed the furniture, is unwarranted. *Princeton Bank* v. *Gibson, Spenc.* 138; *State* v. *Conover,* 4 *Dutcher* 224.

The judgment in replevin, it has been said, is a matter for some nicety. Under statutory provisions in England, so early in date that they have become a part of our common law, the original action has been greatly changed, so that, in

many cases, instead of a return of the property in kind, the value thereof will be made the basis of the judgment, and when this is done generally a return of the chattels will not be permitted.

Our statutes have, in the higher courts, been patterned largely after the English statutes, and in those courts, where a defendant has given bond, and has retained the custody of the property, the plaintiff, instead of a return of the goods to him, has a money judgment for their value. *Gen. Stat., p.* 2775, *tit. Replevin,* § 25. The following cases are illustrative: *Frazier* v. *Fredericks,* 4 *Zab.* 162; *Lindauer* v. *Teeter,* 12 *Vroom* 255; *Field* v. *Post,* 9 *Id.* 346; *Maguire* v. *Dutton,* 25 *Id.* 597; *Bishop, &c., Co.* v. *Keffer,* 40 *Id.* 47; *Pedrick* v. *Kuemmell,* 45 *Id.* 379.

In the case at hand, under the District Court act, the defendant has, by his notice, attempted to raise an issue of property, and thereby has also, by his notice, elected to recover the value of the goods instead of their return.

Now, where value is given, in the generality of cases, the damages consist of the interest on such value, calculated from the time of the wrongful act, in the present case, the date of caption.

It is said, however, that this allowance of interest upon the value in lieu of damages, is not a universal rule, but has its exceptions, according to the nature of the case, in order that true compensation may be given to the injured party.

A leading case, and one well reasoned, is *Allen* v. *Fox,* 51 *N. Y.* 562, which demonstrates that where property, which is capable of a special use, should be returned to the party entitled, after a long term, during which the true owner has been deprived of such use, interest upon its value would not be a proper measure of the defndant's damages and injury.

The principles enunciated in that case are in accord with our ideas, and where applicable, should be adopted. But are the conditions in this case such that those principles should be applied?

That case arose under the New York code, and as I read it, the successful party was compelled to take back the prop-

erty in kind. Of course, damages measured by the interest of the value of the property would be quite inadequate, and for the reasons pointed out by the judge in his opinion.

But in the present case, statutory permission allowed the successful defendant, in advance of the determination of the case, to compel the court to assess the value of the goods, as the basis of a recovery of a money judgment by the defendant, which the plaintiff could not alter.

In other words, by filing a notice, the plaintiff became entitled to recover, not the goods, but their value in money, which the plaintiff was powerless to change.

The defendant was thereby enabled to effect a forced sale of the chattels to the plaintiff, and this was done entirely at the option of the defendant. In such a case, the interest on the sum to be recovered should be deemed to be a full measure of damage, for relying upon the justness of his cause, the defendant might have gone into the market as of the date of injury and bought other goods to replace those which had been taken, and in that event, the interest on the cost would have been full compensation until the verdict had been rendered and the judgment paid. So that, while we recognize that for the unlawful detention of property, having special usable qualities, where a judgment will compel the successful party to accept the property in kind and not its value, the damages may not be measured by the interest upon its value, yet where the party, of his own volition, elects under the statute to recover in money the value of the property, and thereby prevents the other party from making a return in kind, interest on such value would seem to be a proper measure of his damages. The foregoing is to be applied to the first contract.

Coming then to the goods mentioned in the second contract, it is clear that they had never been paid for, and, consequently, the title to them was still in the plaintiff, although the defendant, under the finding of the trial court, had the right of possession. Conceding that the court properly held that the plaintiff has, as matter of fact, waived his right to enforce a forfeiture of the second agreement, by accepting

payments, without objection, at the times when they were made and that as to them, the defendant was entitled to judgment, yet the court gave the defendant the value of the lessee's interest (for such the defendant in fact was), which is, in fact, only a partial interest, and one not contemplated by the Replevin act to support a money judgment.

The statute, District Court act (*Pamph. L.* 1899, *p.* 558), allows "that the court upon a suggestion of property in the defendant may ascertain the value of the goods." But the value to be ascertained is the value of the chattel, as a concrete thing, and not the defendant's partial interest, or estate therein. The language of the act varies, and afterwards refers to "the value of the property of the defendant in such goods," but that undoubtedly refers to cases where the defendant has the entire ownership of the chattel, so that the statute is applicable only where a return might be awarded as an alternative for a judgment for value. See *Maguire* v. *Dullon,* 25 *Vroom* 597.

To entitle a defendant, under this act, to a judgment for the value of the goods in lieu of a return, the defendant must be entitled to the chattels, as owner, as distinguished from ownership of an interest, or partial property therein.

The award therefore of the amount paid by the defendant by way of installments under the second contract was error.

Let the judgment be reversed to the end that a new trial may be had.