SVENDSEN, Respondent, v. KETCHMARK et al., Respondent.

(162 N. W. 932.)

(File No. 4032.   Opinion filed May 26, 1917.)

**Claim and Delivery—Verdict, Form of—Finding "Assessing Damages," as Finding of Value.**

In claim and delivery, a verdict finding plaintiff the owner and entitled to immediate possession of the property, and that "in case such possession cannot be had we assess her damages at $75.00," was intended to be and does represent a finding as to value, and was sufficient to support judgment for plaintiff. So held, where the pleadings and instructions left no room for possible doubt as to intent of jury, as expressed by the verdict, that the $75.00 damages represented and was intended by the jury to be the value of the property.

Appeal from Circuit Court, Tripp County.   Hon. WILLIAM WILLIAMSON, Judge.

Action by Sussie Svendsen, against E. C. Ketchmark and others, upon a redelivery undertaking, in claim and delivery. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

*Doherty & Talbot,* for Appellants.

*O. D. Olmstead,* and *E. O. Patterson,* for Respondent.

Appellants cited:   Code Civ. Proc., Secs. 313, 273; Nickerson v. Chatterton, 7 Cal. 568; Holt v. Van Eps, 1 Dak. 520; Nickerson v. California Stage Co., 10 Cal. 520; Note to Section 627, p. 1015, Vol. 3, Kerr's California C. C. P., Part 1; Johnson et al. v. Glaspay, (N. D.) 113 N. W. 602.

Respondent cited:   34 Cyc. 1534: Jeffers v. Greely, 20 Fla. 819; Western Stage Company v. Walker, 2 Iowa, 504, 65 Am. Dec. 789; Towne v. Liedle, 10 S. D. 461.

McCOY, J.   This action was brought against defendants, as sureties on a redelivery undertaking in claim and delivery, executed and delivered by them in a certain other action wherein this plaintiff was plaintiff, and James Condon and Charles Bailey were defendants, to recover the amount of the undertaking; judg-

ment in the claim and delivery action having been in favor of the plaintiff. This action was tried to the court without a jury, jury having been waived, and findings and judgment were in favor of plaintiff, and defendants appeal.

On the trial of this action, the plaintiff offered in evidence the papers and files which constituted the judgment roll in the replevin, or claim and delivery action, to all of which defendants made objection and took exceptions to the adverse rulings of the court in admitting such papers and files in evidence. Defendants also raise the question of the sufficiency of the evidence to sustain the findings and judgment. The specific contention of appellants is that the verdict in the claim and delivery action was irregular and void, in that it did not find upon all the material issues, namely, that the issue of the value of a certain cow which was the subject of the action was not passed upon or found by the jury, and that by reason thereof the judgment in that action was irregular and void on the ground that there was no verdict sufficient to sustain the same. With this contention we do not agree. In the claim and delivery action, by her complaint the plaintiff claimed to be the owner of a certain cow of the alleged value of $80, the possession of which was claimed to have been wrongfully taken and detained from plaintiff, by defendants, to her damage in the sum of $80; the general prayer for relief in said complaint demanded judgment against defendants for the possession of said cow, or, in case delivery could not be made, for the sum of $80, the value thereof. The answer was a general denial. On the trial of the claim and delivery action, the court, among other things, instructed the jury as follows:

"In case your verdict should be in favor of the plaintiff, it will be substantially this: 'We, the jury, find in favor of the plaintiff upon all the issues, and that she is the owner of the cow described in the complaint, and entitled to the immediate possession thereof, and in case such possession cannot be had we assess her damages at ———dollars.' Here insert the value of the cow."

The jury returned the following verdict:

"We, the jury, find for the plaintiff upon all the issues, and that she is the owner of the cow described in the complaint and entitled to the immediate possession thereof, and in case such possession cannot be had we assess her damages at 75 dollars."

While we are of the view that this verdict was somewhat irregular in form, still there can be no possible doubt under the complaint and the instructions to the jury but what this last clause of the verdict, "we assess her damages at 75 dollars," was intended to be and does represent the finding of the jury as to the value of the cow, and that therefore said verdict was sufficient to sustain the judgment in the claim and delivery action. A verdict is said to be the answer or response of a jury given to the court concerning the issues submitted to them for determination by the court through the means of instructions. 40 Cyc. 189.

"The verdict must with reasonable certainty show what finding or recovery the jury intended to award; and if a verdict, uncertain in this respect when returned, cannot be made certain by the aid of and reference to the record, it is fatally defective." Abbott's Civil Jury Trials, p. 758.

The pleadings and instructions in the claim and delivery case leave no room for possible doubt as to the meaning and intent of the jury, as expressed by the verdict, that the $75 damages represented, and was intended by the jury to be, the value of the cow. This precise question was passed upon by this court in the case of Town v. Liedle et al., 10 S. D. 460, 74 N. W. 232, wherein this court held that, in a claim and delivery action under the record in that case and from the manner of submission, a verdict in the following form, "We, the jury, find for the plaintiff and against the defendant Liedle, and assess his damages at $78," was not strictly accurate, but that the intention of the jury was unmistakable that the "$78" damages represented and was the finding of the value of the property, that, had objection been made to the form of the verdict when rendered, the irregularity might have been reformed, that said verdict was sufficent to support the judgment. This seems to be the rule which also obtains in other jurisdictions. Western Stage Co. v. Walker, 2 Iowa, 504, 65 Am. Dec. 789. So far as appears from the record, no objection was ever made to the form of the verdict in the claim and delivery action in question in the case at bar. This irregularity might have been corrected in that action, but as it was only a mere irregularity, under the record of that case, as shown by the testimony in this case, said verdict was sufficient to sustain the said judgment.

Other assignments of error are made, all of which have been examined.

Finding no error in the record, the judgment and order appeal from are affirmed.