## QUINLAN v. JONES

### (No. 990; Decided June 4, 1921; 198 Pac. 352)

HUSBAND AND WIFE—ESTOPPEL—IN REPLEVIN FINDING OF VALUE
SEPARATE FROM DAMAGES UNNECESSARY—APPEAL AND ERROR—
DAMAGES IN REPLEVIN NOT TO EXCEED VALUE OF PROPERTY TAKEN
—PRESUMPTIONS—EVIDENCE—BURDEN OF PROOF.

1. In an action by a wife to replevin property mortgaged to defendant by plaintiff's husband, evidence held sufficient to estop plaintiff from disputing the right of her husband to execute the mortgage.

2. Where the evidence in a replevin action to recover personal property showed that plaintiff was estopped from disputing her husband's right to mortgage the property to defendant, a failure to amend defendant's answer to conform with the proof is immaterial.

3. At common law an action in replevin tests only the right of possession of the replevined property at the time of the commencement of the action and the value of the property is immaterial, so that it is not necessary, in the absence of a statutory requirement, that the value of the property be found separate from the damages awarded defendant for the taking of the same under the writ.

4. Under Comp. St. 1920, §§ 6275-6292, where the plaintiff in replevin obtains possession of the property by giving bond, the title thereto rests in him, and, if the defendant prevails, he must be awarded such damages as are right and proper (section 6287), consisting of the property plus interest, or plus the value of the use thereof, in case that value exceeds the interest, so that it is not necessary to specifically find, in the verdict or judgment, the value of the property as a separate item from the damages awarded defendant.

5. Even where a statute requires that the value of replevined property be found, the finding of the damages for the taking of the same, instead of the value thereof, is a matter of form and a mere irregularity which will not warrant reversal.

6. In an action in replevin, the judgment, if for the defendant, must be for the value of his special interest, if the value of the property exceeds that interest, but must in no event exceeds the value of the property.

7. In an action to replevy certain personal property mortgaged to defendants by plaintiff's husband, there is no presumption that the value of the property is equal to or exceeds the value of defendant's special interest, the value of the latter not being admitted, the debt not being plaintiff's, and it being a matter of common experience that chattel mortgages are frequently given when the value of the property is not equal to the amount secured thereby, particularly when it is intended as partial security only.

8. A presumption must rest upon reason, and have as its basis either common experience or a compelling necessity.

9. Where any one claims damages from another, beyond nominal, he must prove them.

10. In an action in replevin, the burden of proof was on defendants to prove their damages by reason of the taking of the property under the writ, the petitioner having to prove only his right of possession of the property at the commencement of the action, the rule not being changed by reason of the fact that the statute permits the determination of the defendant's rights in the main action.

11. In an action to replevy certain personal property mortgaged to defendants by plaintiff's husband, an appraisement in a former case between defendant and plaintiff's husband could not be taken as evidence of the value of the property, being incompetent, as against plaintiff, who was not a party to the suit, the items therein not being properly certified, and the paper not having been introduced in evidence.

APPEAL from the District Court, Fremont County; HON. CHAS. E. WINTER, Judge.

Replevin action by Bessie M. Quinlan against Edith A. Jones and another. There was a judgment for defendants and plaintiff appeals.

*J. M. Hodgson,* for Appellant.

The right of possession being found by the court to be in defendants the only judgment that could be rendered would be for the full value of the property, that being the proper measure of damages. If the value of the property repleved be of greater value that the debt, then the judgment may be for the amount of the judgment, debt, inter-

est and costs. (Smith v. McGregeor, 10 O. St. 461; Jennings v. Johnson, 17 Ohio, 154; Sutcliffe v. Dohrman, 18 Ohio, 181; Warner v. Mathews, 18 Illinois, 87; Thompson v. Scheif, 39 Minn. 102; 38 N. W. 801; Crutts v. Wray, 19 Neb. 581; 27 N. W. 634; Gates v. Parrott, 31 Neb. 581; 48 N. W. 387; Cross v. Borwn, 41 N. Hamp. 283; Bell v. Bartlett, 7 N. H. 191; Whiting v. Levert, 2 Foster 10; Messer v. Bailey, 11 Foster 9.) A judgment for defendant in replevin, whose claim arises from a lien upon the property without finding the value of the property is not responsive and is contrary to law. (Griffith v. Richmond, 35 S. E. 620; Creighton v. Haythorne, 39 Neb. 526; 68 N. W. 934; Search v. Miller, 9 Neb. 25; Sauer v. Traeger, 57 N. W. 933; Meeker v. Johnson, 28 Pac. 542; Alderman v. Manchester, 47 Mich. 48; Stewart v. Taylor, 8 Pac. 605; Bell v. Bartlett, 7 N. Hamp. 178; Fitzpatrick v. Warren, 1 Penn. 541.) A judgment for the full amount of the mortgage indebtedness is erroneous as the judgment should not exceed the value of the property where defendant claims a special interest. (Sec. 5017 Comp. Stats.; Coe v. Peacock, 14 O. S. 187; Jennings v. Johnson, 17 Ohio, 154; Williams v. Est, 2 O. St. 87-88; Thompson v. Scheid, 39 Minn. 102; Creighton v. Haythorne, 68 N. W. 934; Just v. Porter, 64 Mich. 565; 31 N. W. 444; Hunt v. Thompson, 19 Wyo. 523; 120 Pac. 180-184.) The essentials of an estoppel in pais are, (1) False representations or concealment of facts (2) Ignorance on the part of the person to whom the representation was made of the falsity of the representation; (3) destitute of means of acquiring such information. (Slaughter v. Gerson, 13 Wall 379; Commercial Natl. Bank v. Bemis, (Mass.) 58 N. E. 476; Rogers v. Dutton, 65 N. E. 56; Marine Bank of Buffalo v. Fiske, 71 N. E. 353; Hentz v. Miller, 94 N. Y. 64; Sneed v. Petty, 65 Tex. 490; Northwestern M. L. Inc. Co. v. Amerman, 119 Ill. 229; Blodgett v. Perry, 97 Mo. 263; 10 Am. St. Rep. 307; Deberry v. Wheeler, 128 Mo. 84; Hogan v. Peterson, (Wyo.) 52 Pac. 162-165.) An estoppel cannot arise from a promise as to future action. (Elliott v. Whit-

more, 23 Utah, 342; 65 Pac. 70; Richards v. Shepard, 159
Ala. 663; 49 So. 251; Banning v. Kreiter, 153 Cal. 33; 94
Pac. 246; Brightman v. Hicks, 108 Mass. 246; Langan v.
Sankey, 7 N. W. 393; Starry v. Korab, 65 Iowa, 257; 21
N. W. 600; Clanton v. Scruggs, (Ala.) 10 So. 757.) Estop-
pels are protective only to be invoked as shields and not
as offensive weapons. (Phillipsburgh Bank v. Fulmer, 86
Am. Dec. 196; Payne v. Burnham, 62 N. Y. 71; Townsend,
v. Todd, 47 Conn. 218; Campbell v. Nichols, 33 N. J. L. 281;
Nelson v. Kelly, 91 Ala. 569; Adler v. Pin, 80 Ala. 351;
Gjerstadadengen v. Hartzell, (N. D.) 81 Am. St. Rep. 582.)
The judgment is erroneous in that it is an amount ex-
ceeding the value of the property taken. (5017 Comp.
Stats. 1910. Smith v. McGregor, 10 O. St. 470; Jennings
v. Johnson, 17 Ohio, 155; Sutcliffe v. Dorman, 18 Ohio, 181.)
The judgment was excessive. (Coe v. Peacock, 14 O. St.
192.) There is a distinction between a full right of use and
possession and a right under a special interest which obtains
in fixing damages, (Thompson v. Scheid, 39 Minn. 102; 38
N. W. 801; Hunt v. Thompson, 19 Wyo. 523; 120 Pac. 121.)
Interest may be allowed as compensation for lost use. (Cob-
bey on Replevin, 2 Ed. 885), or the value of the use may
be recovered in lieu of interest. (3 Southern 559.) The
judgment in this case is not supported by the pleadings or
proofs and is therefore erroneous. (Black on Judgments,
Sec. 242; Glenn v. Taussig, 51 Fed 409; Clement v. Yeats,
69 Mo. 623; Stix v. Mathews, 73 Mo. 96, 100; Sumner v.
Rogers, 90 Mo. 324.) There must be deception and change
of conduct to constitute estoppel in pais. (Davidson v.
Young, 38 Ills. 152; Flower v. Elwood, 66 Ills. 447; Powell
v. Rogers, 105 Ills. 318; Northwestern Ins. Co. v. Amerman,
119 Ill. 229); unauthorized representations of a husband
concerning his wife's property creates no estoppel against
her. (Hall v. Callahan, 66 Mo. 316; Caldwell v. Hart, 57
Miss. 596; Taylor v. Riley, 37 Kans. 90; 14 Pac. 476; Green
v. Walker, 73 Wis. 548; 41 N. W. 543; Kirkman v. Bank, 77
N. Car. 394; Watson v. Hewitt, 45 Tex. 472.) A court of

law will not relieve a party from the consequences of his own carelessness. (Slaughter v. Gerson, 13 Wall. 379.) An expression of present intention will not create an estoppel. (McCormick v. Arizona Bank, 52 Pac. 471; Clanton v. Scruggs, 10 So. 757; Jackson v. Allen, 120 Mass. 64-79.) A promise within the Statute of Frauds cannot be made binding by way of estoppel even though acted upon. (Langan v. Sankey, 55 Iowa 52; 7 N. W. 393; Weaver v. Bell, 87 Ala. 385; 6 So. 298.) A mere breach of promise cannot constitute an estoppel. (Starry v. Korab, 65 Ia. 267; 21 N. W. 600.) Plaintiff was a stranger to the transaction between Jones, the Shockley Corporation and Martin Quinlan and was not entitled to a judgment for profit growing out of that transaction. (Campbell v. Nichols, 33 N. J. L. 81.)

*John Dillon* and *Gordon J. Christie,* for defendant and respondent.

It is admitted that the measure of damages is the amount of the special interest, interest and costs within the value of the property, but the principle does not apply here. When the property is in possession of the praying party at the time the verdict is returned, or judgment rendered, there is no necessity for assessing its value. (34 Cyc. 1534.) The rule applies when the right is special as well as general. (Cumbey v. Lovitte, 79 N. W. 99.) If respondent had retained possession no assessment of value would have been necessary, (Jennings v. Johnson, 17 Ohio 155). A re delivery bond stands in place of the property to the extent of defendants interest and the property passes into the possession of plaintiff under the statute. (Boswell v. Bank, 16 Wyo. 208.) Respondents therefor have the same right with respect to the undertaking that they would have had had the property remained in their hands, to-wit, the right to liquidate their interest in the property. (5017 Comp. Stats. 1910.) The damages are not confined to the taking or detention, but in the value of defendant's interest in the property. The burden is upon appellant to establish the fact that the property is not worth the amount

of respondent's special interest therein. When the value of defendant's possession is admitted it will be presumed that such value is equal to, or exceeds the amount admitted by the plaintiff as the value of defendant's interest. (Huges v. Swartz, 50 N. W. 5.)

BLUME, J.

This is an action in replevin, instituted by the appellant against appellees in Fremont county for the recovery of some livestock, a wagon, and two sets of harness. A bond was furnished and the property was delivered to the plaintiff. The answer contains a general denial. It also sets up a special interest in the appellees by virtue of a chattle mortgage on said property and a truck, dated January 23, 1918, filed for record January 26, 1918, securing notes aggregating $4000 and interest, executed to appellee, Edith A. Jones, by Martin W. Quinlan, husband of appellant. The answer further alleges an estoppel, claiming that during the negotiations for the sale of the above truck to Martin W. Quinlan, appellant represented to appellees that said Martin W. Quinlan was the owner of the property in controversy and had full authority to mortgage the same, and relying thereon that appellees sold said truck to Martin W. Quinlan. An order was made at the conclusion of the testimony permitting the filing of an amendment to the answer conforming the pleadings to the proof, which amendment, however, was never filed. The case was tried to the court without a jury; the court found generally for the appellees, that Edith A. Jones had the right of possession of the property in controversy at the commencement of the action, and that by reason of the taking of said property under the writ of replevin she had been damaged in the sum of $2347.28 and entered judgment accordingly. From this judgment the appellant has filed her direct appeal herein.

1. Counsel for the appellant contend that the judgemnt is contrary to the evidence, and that no estoppel, particularly such as was pleaded, was shown. It appears that Martin W. Quinlan, husband of appellant, wanted to buy

a truck, and arrangements therefor had been made in the early part of January, 1918, with the Shockley Service Corporation. Squier Jones testified that he, acting as agent for his wife, Edith A. Jones, was called on to furnish the purchase money for the truck, make a loan and take the property, together with the truck to be bought, as security; that he was called out to the farm where appellant and her husband were living; that some time, probably before January 20, he went to look over the property in controversy; that it was pointed out to him by Martin W. Quinlan, in the presence of the latter's wife, who helped in showing it; that they both were perfectly willing that the property should be mortgaged. The appellant concedes this, but claims that the mortgage was to be given for a new truck and not a second-hand one; but Jones states that he was not told as to whether it was to be second-hand or new. The latter further testifies that while both at that time talked of giving the mortgage, the appellant made no claim of ownership to the property in controversy; that it was understood among them "when the mortgage was to be given", and (quoting him) "I was to go to Casper with Mr. Quinlan, draw up the papers there and he was to take the truck." These conversations were no doubt construed by the lower court to mean, that inasmuch as appellant was not to go along to Casper, that Martin W. Quinlan was to sign and execute the mortgage. It would seem, from a letter which appellant wrote, that she was aware on January 20th that the new truck for which arrangements had been made, had been sold to other parties and that none but a second-hand one could be bought. In any event, about January 22nd, Martin W. Quinlan and Squier Jones, pursuant to arrangements, went to Casper, and finding the new truck gone, Quinlan bought a second-hand truck. Jones testifies that the notes and mortgages above mentioned were executed by Quinlan on January 23rd to pay $3200 to the sales corporation and $800 to himself for expenses and commission; that only $500 was paid on that date to the sales corporation; the balance of $2700 was

to be paid when the truck would be delivered at a later date. Quinlan testifies that upon arrival home he informed his wife of the purchase of the truck and the execution of the mortgage and that she objected. But no such objections were communicated to appellees. Jones testifies that some three weeks later, when the truck was ready for delivery, appellant called him over the phone, telling him that her husband would be down on the train the next morning to go after the truck, and that he told her "as they had previously talked," that he would meet him and give him the check; that even at that time she made no objection against her husband executing the mortgage; that pursuant to this conversation he met her husband the next morning and gave him a check for $2700, and that he was never informed of any claim of ownership of the property in controversy on the part of appellant until the following May. The last conversation over the telephone stands undenied, and there are other facts and circumstances in the record showing that appellant recognized validity of the mortgage, but we cannot take the space or time in pointing them out in detail. Suffice it to say, that we think that the lower court was justified by the evidence in holding that appellant was estopped from disputing the right of her husband to execute the mortgage in question. Nor is it material that the amendment conforming the pleadings to the proof was not actually filed. (Kuhn v. McKay, 7 Wyo. 42, 57, 49 Pac. 473, 51 Pac. 205.)

2. Counsel for appellant further contend that the court should have found the value of the property in controversy separate from the damages awarded the appellee, Edith A. Jones. There are many cases sustaining that contention, and Cobbey on Replevin in § 1061 states, that the only correct practice is to find the value in all cases. It would, no doubt, be the better practice to do that, and if that had been done in this case, it would not have been necessary to have had any further proceedings herein. We find, however, upon investigation, that the authorities which hold that to be an essential requisite, all base their holding upon a

statute.  Our replevin law was taken from Ohio, and it is
a significant fact that counsel have not been able to cite us
a single case from that state holding the rule, under a statute
identical with ours, for which they contend.  At common
law an action in replevin tested only the right of possession
of the replevined property at the time of the commence-
ment of the action.  The value of the property was imma-
terial, and no method was provided whereby that could be
determined.  (Wilson v. Fuller, 9 Kans. 121; Humphrey v.
Baker, (Okla) 176 Pac. 897; Bell v. Bartlett, 7 N. H. 178.)
(See Wells on Replevin, § 760, Thomas v. Spafford, 46 Me.
408.)  But the scope of the action has been both changed as
well as broadened by our statute.  In this state, where the
plaintiff in replevin obtains possession of the property by
giving bond, the title thereto rests in him, and the bond
stands in place of the property.  (Hunt v. Thompson, 19
Wyo. 523, 120 Pac. 181; Boswell v. Bank, 16 Wyo. 161, 92
Pac. 624; Gregory v. Morris, 96 U. S. 619, 624, 24 L. Ed.
740; Smith v. McGregor, 10 O. St. 461, 470.)  And the stat-
ute contemplates that the rights of the parties, growing out
of the action, may be settled in one suit.  In case the de-
fendant prevails, he must be awarded such damages as are
right and proper, (§ 6287) consisting of the value of the
property plus interest, or plus the value of the use thereof
in case that value exceeds the interest.  (Hunt v. Thompson,
supra; and see Smith v. McGregor, supra, Bell v. Bartlett,
supra.)  The "value," therefore, of the property is merged,
as it were, in the "damages" to be awarded, and the
statute evidently did not contemplate that it is necessary
to specifically find in the verdict or the judgment the former
as a separate item from the latter.  Even in cases where
the statute requires that the value must be found, it has
been held that to find the "damages," instead of the
"value," is a matter of form and at most a mere irregular-
ity which will not warrant the reversal of the case.  (Agency
of Can. C. & F. Co. v. Pennsylvania I. W. Co., 256 Fed.
339, 167 C. C. A. 509; Western Stage Co. v. Walker, 2 Ia.
504, 520; 65 Am. Dec. 789; Svendson v. Ketchmark, 39 S.

D. 61, (S. D.) 162 N. W. 932; Brannin v. Bremen, 2 N. M. 40.)

3.   Appellant further contends that the amount of the judgment is excessive; that it appears that the damages of $2347.28 found by the court is the full amount of indebtedness due Edith A. Jones on the notes secured by the mortgage, including the accrued interest, and after deducting $1900—the value of the truck voluntarily turned over in the summer of 1918 to apply on the notes—and that no attention was paid to the value of the property, which is much less than the amount of the judgment.   The contention appears to be true.   We shall advert later to the question of what evidence was adduced on the question of the value of the property.   It is the undoubted rule that against the general owner of the property, the owner of a special interest therein, such as the appellee, Edith A. Jones, had in this case, the judgment, if for the defendant, must be for the value of the special interest, if the value of the property exceeds that interest, but must in no event exceed the value of the property.   (Jennings v. Johnson, 17 Ohio 154, 49 Am. Dec. 451; Sitcliffe v. Dohrman, 18 Ohio 181, 51 Am. Dec. 450; Cruts v. Wray, 19 Nebr. 581, 27 N. W. 634; Cobbey on Replevin, § 971; 34 Cyc. 1568.)   Counsel for appellees concede this to be the true rule, but contend that the burden of proof was on appellant, and that there was nothing required of appellees beyond showing the value of this special interest.   They cite, in support of that contention, the case of Gamble v. Wilson, 33 Nebr. 270, 50 N. W. 3, where the court held that where the value of the special interest is admitted, and no evidence is given as to the value of the property, it will be presumed that such value is equal to or exceeds the value of the special interest.   No such admission is found in the case at bar.   Besides, the special interest in the case cited amounted to $134, arising as a result of an attachment on property which Gamble held under a bill of sale to secure the sum of $1700.   Perhaps the court was influenced in its decision by the thought that it might not unreasonably be presumed that Gamble

would not have loaned that amount of money on property which was not worth more than $134.00. In the case at bar, appellant was not the debtor of Edith A. Jones; she had not signed the mortgage nor the notes secured thereby. The debt was that of her husband. We cannot conceive how it could be reasonably said that if A mortgages the property of B, even with the latter's consent, it can be presumed that the value of the property mortgaged is equal to, or greater than, the debt. In fact, we do not believe that any such presumption can arise in any case where a lien, mortgage or other special interest is granted. Still, that is substantially what we would have to hold, if we admitted the soundness of appellee's contention. A presumption must rest upon reason; it must have as its basis either common experience or a compelling necessity; a presumption, such as contended for, has neither; for we know from common experience that chattel mortgages are frequently given, when the value of the property mortgaged is not equal to the amount secured thereby, particularly when it is intended as partial security only, additional, for instance, to a real estate mortgage. And in this case the purchased truck was also included in the mortgage, and had been turned over to appellee for the purpose of applying the value thereof on the mortgage, so that any such presumption, if valid, would be far-reaching, indeed.

It is a fundamental principle in law that each litigant must take care of his own rights. To hold that a plaintiff in replevin, to whom has been delivered the property in controversy, is compelled to see that defendants' damages are properly awarded, is to cast upon him the burden not only of protecting his own rights, but that of his adversary as well. We know of no exception, that where any one claims damages from another, beyond nominal, he must prove them. If appellant had forcibly abducted the property in controversy, and the appellees had sued her to recover the value, the latter would have been compelled to prove their damages. The fact that appellant took them through the sheriff, under process of law, is simply another method of

asportation, and in no way changes the burden of proving
the value of the property taken. The claim of damages,
consisting in such case of the value of the property plus
interest, or plus the value of the use, is that of the appellees;
the appellant is in nowise interested therein, except only
to defend against it, if it is made. An action in replevin is
*sui generis*, and that is particularly true, where under the
statute the value of the property in controversy becomes
important. At common law, as we have seen, the question
of the value of the property did not generally enter into the
case. But under the statute, the rights of the parties aris-
ing out of the case are intended to be settled in the one
action. Two cases are thus combined into one. Hence both
parties are actors, both in turn are plaintiffs. All that the
petitioner in replevin, where he seizes the property, needs
to do, is to prove his right of possession to the property at
the commencement of the action. Even before trial he has
in his possession the substantial fruits of any judgment he
might obtain, and he would be glad and willing to go with-
out further contest, and might do so, were it not for the
fact that he must meet the claim for damages that may be
made by his adversary. The claim of the latter is affirma-
tive, in the nature of a cross suit, and upon him rests the
burden to sustain it by competent evidence, and he cannot
rely upon the plaintiff to do this for him. These principles
are amply illustrated and either directly or impliedly held
or applied in Corbett v. Pond, 10 App. Cas. 17; Yates v.
Fassett and Whetlock, 5 Denio 21; Gould v. Scannell, 13
Cal. 431; Archer v. Long, 32 S. C. 171; 11 S. E. 86; Jackson
v. Morgan, 167 Ind. 528, 78 N. E. 633; Daniels v. Mans-
bridge, 4 Ind. Terr. 104, 69 S. W. 815; Stevens v. Tuite,
104 Mass. 328. See also Reed v. Carpenter, 2 Ohio 79; 34
Cyc. 1509-11; Cobbey on Replevin, § 5. In Gilroy v. Ever-
son Hickock Co., 93 N. Y. S. 132, and Schnitzer v. Russell,
81 N. J. L. 146; 80 Atl. 938, judgments in favor of defend-
ants were reversed on account of the want of proper proof
of value of the property. It has been held that the burden
of proving the value of the property, or damages, in an

action on a replevin bond, which stands in place of the property, is on the plaintiff; that is to say, the defendant in the replevin action, where these questions were not litigated in the latter action. Leonard v. Whitney, 109 Mass. 265; Austin v. Moore, 7 Metc. 116; Sopris v. Lilley, 2 Colo. 496; and there is no sound reason for holding that this burden should be shifted simply because it is permitted by statute to determine these questions in the main action. Under this rule, then, in a case where the property has been delivered to the plaintiff, the defendant in replevin, if he claims to be the general owner of the property, must contest that point; if he claims only a special interest, he must establish that; in either case he must prove the value of the property in controversy, when that is to be considered in determining the amount of his recovery. We see no reason why a party, holding only a special interest, should be specially favored and relieved from the responsibility resting upon the party claiming to be general owner, by indulging in presumptions which are unwarranted. It is for him to establish the damages which are right and proper, which cannot be done unless the value of the property in controversy is shown.

4.  The appellees insist that there is no evidence of the value of the property in controversy in the record. The appellant contends that a certain paper in the record should be taken as the evidence on that subject. That paper purports to be an appraisment in the case of Edith A. Jones, plaintiff, v. Martin W. Quinlan, defendant, made in September, 1918. Such appraisement would, of course, be incompetent at least against the appellant, since she was not a party to the suit. It sets out separate items of property, together with amounts opposite thereto, showing a total value of $1550.00. But these items are not certified by anyone and in the certificate proper of the appraisers the amount is left blank. Further, it does not appear that the paper was introduced in evidence. Appellees started to offer all the papers in the case last mentioned, but if any were actually offered and introduced, on which the record is not altogether clear, they were finally limited to the "pleadings,

affidavit of replevin; writ and judgment'' in that case. Besides, the case was clearly tried under a misapprehension as to the burden of proof on this subject, and we see nothing else to do than to send the case back, for the sole purpose, however, as is authorized by Chapter 145 of the Session Laws of 1921, of having the lower court determine the damages to be awarded the appellee, Edith A. Jones, upon the rule herein stated, and for that purpose to determine the value of the property in controversy. The case is accordingly affirmed as to the finding and judgment in favor of appellees generally, but is reversed as to the finding of damages and the amount of the money judgment in favor of appellee Edith A. Jones, and the case is remanded to the district court of Fremont county with directions to vacate the former judgment entered herein insofar as it appertains to such finding of damages and such money judgment, and to retry the issue as to the amount of damages, in accordance with this opinion.

Potter, C. J., and Tidball, District Judge, concur.