MAD RIVER BOAT TRIPS, INC.,
Appellant (Defendant),

v.

JACKSON HOLE WHITEWATER,
INC., Appellee (Plaintiff).

No. 91–70.

Supreme Court of Wyoming.

Oct. 18, 1991.

Rehearing Denied Nov. 13, 1991.

Lawrence B. Hartnett, Jackson, for appellant.

William R. Fix, Jackson, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

This appeal provides a thoughtful and even creative second sequence in the litigative campaign involving the sale of two United States Forest Service special use permits for conducting float trips on the Snake River in Teton County, Wyoming. *See Mad River Boat Trips, Inc. v. Jackson Hole Whitewater, Inc.*, 803 P.2d 366 (Wyo. 1990) (*Mad River I*). This second appeal involves claimed attorney's fees and damages first raised after this court reversed the trial court's original decision and permitted appellant to rescind its contract to sell rights to the permits.

Rescission has not occurred since appellant Mad River Boat Trips, Inc. has not yet refunded payments to appellee in order to be in compliance with the first appellate "victory." Notwithstanding that incomplete status, this intermediate stage of the litigation causes us to consider the trial court's denial of attorney's fees and damages which appellant desires to obtain to offset or minimize its refund obligations of about $54,500 constituting the amount previously paid by appellee Jackson Hole Whitewater, Inc. before the decision of this court ordered the sales agreement rescission in *Mad River I.*

Information about how two boaters can fight over the United States Forest Service special use permits is detailed in our first decision. It suffices for present purposes to recognize that rescission of the sales agreement occurred by failure of a condition precedent in the written undertaking. With reversal, appellant now comes to this court with the appearance of reluctance to refund payments made which is required to accomplish the contract rescission.

Following issuance of the mandate in *Mad River I*, present (and prior) appellee filed a motion to compel compliance involving specifically a refund of contractual payments. An order in conformity by the trial court was entered stating:

> Plaintiff has filed a Motion for Compliance with the Mandate of the Supreme Court issued herein.
>
> IT IS ORDERED that Plaintiff, Jackson Hole Whitewater, Inc., is hereby directed to take all actions necessary to have the rights to the special use permits which are the subject matter of this action transferred back to the Defendant, Mad River Boat Trips, Inc., upon the payment by Mad River Boat Trips, Inc. to Plaintiff of all sums paid by Plaintiff

as consideration for the initial transfer of the two permits to Plaintiff.

Responsive to the repayment order, appellant submitted a claim for offset purposes against the $54,557.26 to be refunded. This setoff, in an unstated amount, would first come from contractually provided attorney's fees incurred in the prior trial and appeal claimed by it as the successful litigant. Additionally requested were damages for appellee's "wrongful refusal to accept return of the monies previously paid" when termination of the contract had been first demanded before the litigation started. Appellant identified the damages as lost revenue for the time appellee operated under the assignment of the two permits during 1989 and 1990 while the contract was still in force.

The trial court denied a hearing and denied the claims of both attorney's fees and damages by a five-page order in February 1991. The decision was based upon the discretionary authority to award or deny attorney's fees and on the basis that a damage claim had not been pleaded nor proven.[1] With this sequential history of

---

1. Excluding legal analysis, the trial court order and decision related and provided:

> The saga of Jackson Hole Whitewater, Inc. versus Mad River Boat Trips, Inc. continues. The Defendant is attempting to write another chapter to this litigation.
>
> Be it remembered that this action was filed by the Plaintiff on June 22, 1989 seeking relief arising from the contract between the parties. A hearing on Plaintiff's request for a temporary restraining order was conducted on June 23, 1989, one day after this case was filed. The proceedings were continued. On June 30, 1989, the Court held a hearing with regard to Plaintiff's request for a preliminary injunction. The hearing lasted for several hours. The request was denied. The matter was set for trial on July 24, 1989. The parties thereafter decided to submit the matter to the Court based upon their briefs and memoranda.
>
> On July 24, 1989, the Court entered a judgment which construed the contract and determined that Defendant should be compelled to complete the purchase of the contract. The Court set a subsequent hearing on damages which was continued once at the request of the parties and which was finally held over two days on October 30 and 31, 1989. During

> that hearing the Court heard extensive testimony and argument from counsel.
>
> The contract in this matter concerned the transfer of whitewater float special use trip permits for two boats in the Snake River Canyon. Because of the litigation in 1989, Plaintiff was deprived of the use of those two permits until very late in the floating season and Plaintiff had the use of the two permits during the 1990 season. Defendant has had the use of $54,000.00 of Plaintiff's money during that period of time.
>
> The matter was appealed to the Wyoming Supreme Court and that Court reversed the final judgment of this Court. In its opinion the Wyoming Supreme Court ordered that the case was "reversed and remanded to the District Court with instructions to enter an Order directing Appellee (Jackson Hole Whitewater, Inc.) to take all actions necessary to have the rights to the special use permits transferred back to Appellant (Mad River Boat Trips, Inc.)."
>
> On January 28, 1991, Plaintiff filed a Motion to Enforce Compliance with Mandate in this matter.
>
> On January 29, 1991, in an effort to comply with the mandate of the Wyoming Supreme Court in this matter, this Court entered an Order requiring that the Plaintiff take all ac-

*Mad River II,* it is necessary to examine pleadings and issues in *Mad River I.*

In its 1989 complaint, appellee sued to require appellant to transfer the two United States Forest Service special use permits. Although the motion practice was active during the next several months, the only responsive pleading filed, including the filing and withdrawal of a notice of appeal by appellant, was a motion to dismiss. In July 1989, the trial court, following the motion to dismiss, entered a judgment construing the contract (the decision subsequently reversed by *Mad River I*) and, in October, held a two-day hearing on damage claims by the appellee against appellant. With the "Final Judgment" entered on November 1, 1989 from which the first appeal was taken, appellant had within this record as a responsive pleading to appellee's specific performance and damage complaint only the original motion to dismiss which had been adversely determined by the decision and judgment validating the sales agreement.[2] At this juncture, within *Mad River II,* appellant now seeks to interject into the lawsuit a claim for attorney's fees and contract damages. Like the trial court, we reject the effort.

With this extended factual background, the issues stated by appellant are:

1. Whether the trial court erred as a matter of law by denying Appellant's motion requesting a hearing to recover its reasonable attorney's fees as the prevailing party and denying Appellant its reasonable attorney's fees upon proper proof.

2. Whether the trial court erred as a matter of law by denying Appellant's motion requesting a hearing to allow Appellant to offer proof of and recover lost profit damages suffered by Appellant as a result of Appellant's loss of use of the two (2) United States Forest Service ("USFS") special use permits and Appellant's right to setoff its damages and attorney's fees against the Appellee's payments held by Appellant.

The appellee differently asks:

1. Did the trial court properly deny appellant attorney fees under the attorney's fees term of a contract which the Wyoming Supreme Court has previously determined was not effective?

2. Did the trial court abuse its discretion in denying appellant's claim for attorney's fees?

3. Did the trial court properly deny appellant's counter-claims for damages and attorney's fees where the appellant

tions necessary to have the rights to the special use permits which are the subject matter of this action transferred back to the Defendant, upon the payment by the Defendant to Plaintiff of all sums paid by Plaintiff as consideration for the initial transfer of the two permits to Plaintiff.

On February 6, 1991, the Defendant filed a Notice of Claim of Setoff and Motion to Set Hearing. Defendant wants the Court to require the return of the two special use permits to it and then the Defendant wants to further litigate this matter with regard to attorney's fees and other damages as a setoff against the $54,577.26 paid by Plaintiff to Defendant as consideration on the contract.

This Court is less than enthusiastic for further litigation to occur in this matter. If Defendant felt it was entitled to a setoff in this matter as to any damages claimed to have been incurred by it, it should have filed notice of the setoff in its responsive pleadings and should have litigated the same during the damages phase of this litigation. Having failed to do so, it has waived any claim for additional damages.

As to the matter of attorney's fees, the Court makes the following observations:

Both parties incurred substantial attorney's fees in this matter. The Court awarded Plaintiff its attorney's fees in the final judgment. That judgment has been reversed. This litigation was very expensive to both sides.

This Court is of the opinion that based on the totality of this litigation, the Defendant agreed to sell two special use permits to the Plaintiff and then got cold feet and wanted to back out and refused to make the transfer. This litigation ensued. The litigation was instituted by Plaintiff in good faith. Reasonable minds differ from time to time on matters of this nature. Even one member of the Wyoming Supreme Court felt that this Court was correct in the final judgment it issued.

2. In technical context of the first proceeding, the initial decision construing the contract was at least generally determined based on sales agreement documents and pleadings and might be considered a partial summary judgment determining liability. The damage claim and resulting judgment in *Mad River I* was the result of a later evidentiary hearing.

had not previously asserted such counter-claims?

We rephrase the appellate topics:

1. What pleading is presented by a motion to dismiss to establish the issues providing a basis for award of damages and attorney's fees?

2. Are attorney's fees, even though provided by the terms of the agreement, awardable upon an appeal granted rescission judgment rescinding the contract for failure of an external condition precedent?

3. Even though the agreement at issue provides for attorney's fees, is the award to the successful litigant under these circumstances discretionary with the trial court?

Although we find both the second and third issues to be challenging and perhaps broad, our decision ends with resolution of the first issue.

■ Without the extended scope of some pleading seeking damage and attorney's fees having been filed before the final decision now favored by appellate reversal, appellant is confined to what it demanded in its initial pleadings which was invalidation of the sales agreement and reversal of the buyer's damage award which we addressed in *Mad River I.*

■ From the time the complaint was initially filed to issuance of our appellate mandate, neither damages nor attorney's fees as a claim by appellant were pleaded, considered by the trial court, nor proven by any evidence. We find that those issues come too late for present resolution. Whether subject to another litigative gambit, these monetary claims are not available here and now to reduce the refund obligation required of appellant to realize the fruits of its appellate victory for effectuation of rescission. With first decision reversal, appellant is not entitled to change the scope of the litigation in further proceedings. Not only is it contrary to the policy of the Wyoming Supreme Court to decide appeals piecemeal, *Kuehne v. Samedan Oil Corp.*, 626 P.2d 1035 (Wyo.1981), but issues not presented in the first trial

cannot be saved for a second course of litigation, *Snell v. Ruppert*, 541 P.2d 1042 (Wyo.1975), *overruled sub nom. on other grounds Ferguson Ranch, Inc. v. Murray*, 811 P.2d 287 (Wyo.1991).

■ Damages must be pleaded, *White v. Fisher*, 689 P.2d 102 (Wyo.1984); *Hein v. Marcante*, 57 Wyo. 81, 113 P.2d 940 (1941), and proven, *Western Nat. Bank of Lovell v. Moncur*, 624 P.2d 765 (Wyo.1981); *Quinlan v. Jones*, 27 Wyo. 410, 198 P. 352 (1921). This court has taken a firm stand that attorney's fees must be requested and properly proved before appeal; otherwise, the right to recover will be foreclosed since a second chance is not to be provided upon reversal for reconsideration for failure of trial proof. *UNC Teton Exploration Drilling, Inc. v. Peyton*, 774 P.2d 584, 596 n. 8 (Wyo.1989). *See Stanbury v. Larsen*, 803 P.2d 349 (Wyo.1990), where the attorney's fees were both demanded in pleading and proven by adequate evidence for consequent appeal affirmance. Furthermore, this is not a case where an amendment to conform to the evidence can be utilized to justify recovery since neither evidence was provided nor motion to amend made. *Richardson v. Schaub*, 796 P.2d 1304 (Wyo. 1990).

■ The law is consistent and well established that the right of setoff or a counterclaim is a required pleading. W.R.C.P. 13; *United States v. Mitchell*, 205 U.S. 161, 27 S.Ct. 463, 51 L.Ed. 752 (1907). A statement of facts to warrant relief is required. *Kearney Lake, Land & Reservoir Co. v. Lake DeSmet Reservoir Co.*, 475 P.2d 548 (Wyo.1970). Furthermore, we have said that "[u]nder Rule 13, there is no general difference for purposes of pleading between setoff, recoupment, or independent claims in the sense that they all constitute counterclaims." *Hawkeye–Sec. Ins. Co. v. Apodaca*, 524 P.2d 874, 879 (Wyo.1974). *See also Lane Co. v. Busch Development, Inc.*, 662 P.2d 419 (Wyo.1983) in construing the mandatory character of the compulsory counterclaim requirement provided by W.R.C.P. 13(a).

In agreement with the trial court's decision which denied this claim by appellant

for award of attorney's fees and damages, we affirm.